**THOMPSON, Plaintiff-Appellant v. STONOM et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County

No. 3643. Decided July 13, 1943

194

Robert B. Hoffman, Columbus, for plaintiff-appellant.
Joseph B. Derbes, Cincinnati, and Frank J. Collopy, Columbus, for defendants-appellees.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The original action was a will contest brought by the plaintiff against Cora Stonom and nine other defendants, seeking to set aside the last will and testament of Emma Cleaneay, previously probated in the Probate Court of Franklin County, Ohio.

Six of the defendants, including Ida Thompson, as administratrix, waived service of summons. All other defendants resided outside of Franklin County, and one outside the

State of Ohio. Proper steps were taken through which all other defendants were properly served with summons.

The petition was filed May 28, 1942. Service was not completed on all defendants until October 14 or October 26, 1942.

No answer or other appearance was made by any of the defendants. Of course, it is understood that in a will contest case no answer is required.

One of the defendants, Cora Stonom, residing in Cincinnati, Ohio, had retained counsel but the record is somewhat uncertain as to whether counsel were retained to represent her in the will contest or relative to some question arising through the administration of the estate.

On December 16, 1942, the case came on for trial. None of the defendants were present, either in person or by counsel, except Ida Thompson as administratrix. It will be noted that Ida Thompson in her individual capacity was the plaintiff. A jury was impaneled, evidence submitted and verdict returned by the jury that the paper writing was not the last will and testament of Emma Cleaneay. Judgment was entered on the verdict by the trial court December 28, 1942.

On January 7, 1943, the defendant, Cora Stonom, through her counsel, filed a motion asking the Court to vacate its judgment entered on the 28th day of December, 1942, for irregularity in obtaining the same. On May 13, 1943, the trial court journalized its order of December 28, 1942. Within proper time plaintiff gave notice of appeal on questions of law, thus lodging the case in our Court.

No bill of exceptions was filed, although from the original papers and briefs it would appear that evidence was taken on the motion, probably consisting in the main of professional statements of the attorneys.

In the trial court's opinion, which we find in the papers he makes reference to a motion to vacate being filed during term. Counsel for appellees call attention to this same question and at no time is it refuted by counsel for appellant.

During the oral argument we had some questions in our minds as to whether or not the judgment of December 28, 1942, and the motion to vacate filed January 7, 1943, where in the same term. We have a right to take judicial notice of the terms of court as fixed by statute or by order of the judges under authority of statute. We find that the September term of

court 1942, by a court order began on Monday, the 21st day of September, and continued from day to day by regular adjournment until the 9th day of January, 1943. It therefore properly appears that the judgment and the motion to vacate were both within the same term.

A motion to vacate when filed within the same term, is directed to the sound discretion of the court and is not controlled by statute. The Ohio Supreme Court in the case of **The First National Bank of Dunkirk, Ohio v Smith et, 102 Oh St 120**, announces the principle in the first syllabus, which we quote in full:

"1.  A court of general jurisdiction, such as the common pleas court, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law."

The sole question for our determination is whether or not it affirmatively appears that the trial court was guilty of abuse of discretion.

We must start with the proposition that presumptively the judgment of the court is correct unless it affirmatively appears otherwise. There being no bill of exceptions although evidence was presented, we would be warranted in determining that evidence was before the court sufficient to sustain his findings.

This rule has a limitation in that if the trial court sets out the findings of fact in its journal entry, such findings must be accepted. The trial court's opinion may not be considered unless it purports to be a separate finding of fact, made on request of counsel. No such situation appears in the instant case.

We think we could support the trial court's judgment on the presumption that the evidence would amply support, but we hesitate to make our conclusions on this sole basis, for the reason that counsel give no consideration to this theory.

On behalf of appellant it is argued that the case was regularly assigned, and the assignment published in the legal publication, which is generally accepted as notice to all counsel as to the status of their cases. Furthermore, the claim is made that the assignment commissioner did receive information from plaintiff's counsel that Joseph B. Derbes, of Cin-

cinnati, was attorney for the defendant Cora Stonom, and further, that said commissioner did write to Mr. Derbes notifying him of the assignment date. Mr. Derbes claims that he did not receive the notice, and the trial court accepted Mr. Derbes' statement as truthful. No notice was sent to any of the defendants that the case was assigned for trial. Apparently it was the view of the trial court that the defendants were entitled to notice.

This unfortunate situation probably would not arise in any other form of action than a will contest case. This is due to the fact that under the law no pleading is required by any defendants. A defendant, if he desires, may file a pleading, but if none is filed the issue is made up by journalized order of the trial court. In other forms of action a default judgment may be entered if the defendants, after being properly served, fail to file answer or other pleading. This is not the rule in will contest cases. There may be no default judgment. The case must be assigned for hearing and a verdict returned. We are unable to determine that counsel for the plaintiff failed to do anything required under the law. Probably the fault lies in the failure of the rule of court to specifically determine the action to be taken in a will contest case where no pleadings are required to be filed by the defendants. Of course, it can hardly be said that a rule of court can rise higher than the order of the court itself. Under the situation in this action the trial court determined that the defendants were entitled to notice as to the assignment date for hearing, and in the exercise of his discretion he set the judgment aside. We are unable to say that the court abused his discretion in so determining. We would like to say, however, that the presumption arising through the failure to file bill of exceptions would be a supporting reason for our conclusion.

The judgment of the trial court will be affirmed and costs in this Court adjudged against the appellant.

HORNBECK and GEIGER, JJ., concur.

### ON APPLICATION FOR REHEARING

Decided July 29th, 1943

BY THE COURT:
The above-entitled cause is now being determined on ap-

pellant's application for rehearing on three separately stated and numbered grounds. Appended to the motion is a six-page memorandum.

We have carefully examined the separately numbered specifications and the argument as contained in the memorandum. Under the fourth specification, the claim is made that we failed to follow our decision in the case of **Sackett v McClure, 29 Abs 560.** For the benefit of counsel, we would say that at the time of rendering our original opinion, we were familiar with our opinion of April 6th, 1939, in the Greene County case entitled Sackett v. McClure. We are now prompted to re-examine, and this we have done. The case is so dissimilar to the instant case that we find it difficult to argue on distinguishing features. In the first place, the proceeding to open up was brought after term and hence was controlled by the plain provisions of the statute. Secondly, the purported case in no sense involved a question of abuse of discretion.

It is our opinion that counsel for appellant fails to appreciate the universal rule of law that during term a trial court has absolute control over its judgment. This provision is just as positive as it is possible to make it.

No language, however strong, will take away the right of review where there is shown an abuse of discretion. The exercise of discretion does not necessarily follow along strict rules of law, but may be exercised in what the count conceives to be demanded in justice. We make reference to the case of **The First National Bank of Dunkirk, Ohio v Smith et, 102 Oh St 120,** both syllabi 1 and 2 support the above reasoning.

We recognize the principle that under certain conditions where it conclusively appears that the trial court's action was predicated alone upon a misconstruction of the law, that the judgment may not stand, but where the record discloses an exercise of judgment in addition, we will sustain, unless there appears an abuse of such discretion.

Other matters urged in the application were all considered before releasing our original opinion. We find no reasons to change our views. The application for rehearing will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.