CLARK, APPELLANT, v. ILES ET AL., APPELLEES.

[Cite as Clark v. Iles, 10 Ohio App. 2d 135.]

(No. 2908—Decided March 10, 1965.)

*Messrs. Nolan, Wolff & Sprowl,* for appellant.
*Messrs. Curtner, Brenton & Selva,* for appellees.

KERNS, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Montgomery County.

On April 18, 1960, the plaintiff, appellant herein, filed a petition praying for damages for injuries allegedly sustained in an accident which occurred on April 18, 1958.

Thereafter, on March 19, 1963, the defendants, appellees herein, moved for summary judgment on the ground that the action was not commenced within two years as required by the controlling statute of limitations.

On April 24, 1963, the trial court sustained the motion for summary judgment, and no appeal was taken from the order sustaining such motion within twenty days as required by law.

However, on May 21, 1963, the plaintiff moved to vacate the summary judgment on the ground that it was in conflict with a judgment rendered by the Supreme Court of Ohio on May 8, 1963, in the case of *Robinson* v. *Commercial Motor Freight, Inc.,* 174 Ohio St. 498.

On October 15, 1964, the motion to vacate was overruled, and the present appeal, which was filed on October 9, 1964, is from the order overruling the motion to vacate.

For her first assignment of error, the plaintiff contends that the trial court "erred in sustaining a motion for summary

judgment in favor of the defendants on the theory that the action was not brought within the period of the statute of limitations."

Although this court would have been obliged to reverse the judgment of the trial court entered on April 24, 1963, upon the authority of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498, if the plaintiff had filed a timely appeal therefrom, the record discloses that no such appeal was taken. Hence, that judgment became final and conclusive when the time for appeal expired. The first assignment of error is, therefore, without merit.

The second assignment of error is that the trial court erred in overruling the plaintiff's motion to vacate the summary judgment, and this contention raises the only question of any consequence in the present appeal.

Stated specifically, the single issue presented herein is whether the failure of a trial court to conform its judgment to a pronouncement of law by the Supreme Court of Ohio, when a motion to vacate is filed during the same term of court, constitutes an abuse of discretion.

In responding to this issue, we recognize that a motion to vacate cannot be employed to extend the time for perfecting an appeal. We are also aware of the wide discretion which a court has over its judgments during term. See 32 Ohio Jurisprudence 2d 250, Section 558. However, such power is not unlimited. 3 Ohio Jurisprudence 2d 764, Section 791. Where a trial court's action is predicated upon a misconstruction of law, the judgment may not stand. *Thompson* v. *Stonom*, 41 Ohio Law Abs. 193.

If there existed some doubt as to the applicability of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498, to the facts upon which the trial court entered judgment in the present case, we would not disturb its ruling on the motion to vacate. But the law provided in the syllabus of the *Robinson case* appears to apply directly to the judgment entered by the trial court in the instant case. Under such circumstances, we are of the opinion that the trial court should have granted the motion to vacate.

An involvement somewhat comparable to the present situation arose in the case of *Leatherman* v. *Maytham*, 66 Ohio App.

344, where the trial court did not follow statutory law in ruling upon a motion to vacate filed during the same term of court. In that case, at page 348, the court said:

"* * * when the court's attention was called to the statute during the same term at which said award was made, the court had power to correct the mistake that had been made, and it was clearly its duty to do so; and its failure in that behalf was an abuse of discretion."

Whether or not we agree therewith, the trial court, as well as this court, is bound by the law as interpreted by the Supreme Court of Ohio. Hence, the trial court, having been afforded an opportunity during term to do so, should have vacated its judgment in favor of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498.

Since the judgment sought to be vacated in this case is in conflict with law pronounced by the Supreme Court of Ohio upon the same subject, judicial subordination precludes as from finding that substantial justice has been done.

The judgment will, therefore, be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.