**SACKETT et v McCLURE et**

Ohio Appeals, 2nd Dist, Greene Co

No 446.   Decided April 6, 1939

Otto B. Keiter, Dayton, for Della Bovey and Joseph Sears.

Marshall & Marshall, Xenia, for plaintiffs, admrs.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal of Della Bovey and Joseph Sears from the judgment of the Court of Common Pleas of Greene County, Ohio.

There are irregularities in the notice of appeal, one of which is really substantial.

The notice erroneously states that the appeal is on law and fact, whereas it should be on question of law. §12223-1, GC defines the various types of appeal. Appeal on question of law is defined to mean a review of a case on questions of law, including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error.

The instant case, in its inception, was purely a statutory proceeding and, in no sense, a chancery action. For that reason, the review is on error and hence the appeal should be on question of law.

It is expressly provided in the Code that this irregularity in the formal notice is not jurisdictional, and for that reason we may consider the appeal as one at law.

The second question that we are now presenting is more serious. The notice of appeal, among other things, states the following:

"Gives notice of appeal from a judgment rendered against them by the common pleas court of Greene County on the 6th of December, 1938, denying and refusing their petition of March 30, 1938 to vacate and set aside the judgment heretofore rendered against them on November 18, 1937."

After examining the transcript of the docket and journal entries, we fail to find any judgment dated December 6, 1938.

Final judgment is dated January 14, 1939.

Sec. 12223-5, GC provides as follows:

"The notice of appeal shall designate the order, judgment or decree appealed from."

No question having been raised, we will not dismiss for failure to comply with this section, although there is very much doubt as to whether the

562

question may be waived.

The controverted question in the instant case arises in the following manner. On August 17, 1937, the plaintiffs, administrators, filed an action in the common pleas court of Greene County, Ohio, praying the court for instructions and directions as to the manner of distribution of the personal property of the estate of their decedent. All defendants were either served with summons or voluntarily entered their appearance. Answer was filed for Joseph Sears, Florence Funderbaugh, Emma Cosler and Hower Cosler. The defendant Della Bovey filed no answer or otherwise entered her appearance. The cause was set down for hearing and was heard before Judge Clevenger of Wilmington, Ohio. It was his determination that the proceeds of the estate should be distributed entirely to the defendant, Ruth S. McClure. The remaining defendants were invoking the provisions of what is known as the 50-50 statute (§8577 GC) and, of course, were disappointed at the decision of the trial court. The finding of Judge Clevenger was journalized November 18, 1937. No further action was taken until March 30, 1938, when defendants, Della Bovey and Joseph Sears, filed their joint petition asking that the judgment be vacated and set aside and the case be reopened and set for hearing upon its merits upon the ground set forth in the petition that no notice was given them and thereby they were denied the right to be heard thereon.

The record discloses that both Della Bovey and Joseph Sears were duly served with summons. The defendant, Joseph Sears, joined with other defendants in filing answer to the original petition. Della Bovey filed no answer, although she presents evidence that she had employed an attorney, Mr. Gaylord Heinz. Mr. Joseph Sears was not present nor did he give testimony in any form on the hearing of his petition to re-open the case. Other than his petition, sworn to on belief, the record contains nothing in support of his prayer to reopen.

Having filed an answer to the original action and his attorney being present in court at the hearing, the application of this defendant to re-open must be denied for failure to present any evidence in support of his petition to re-open.

As to defendant, Della Bovey, according to her testimony, she received notice on a Sunday from her sister, Emma Cosler, that the case was set for hearing on the following Tuesday. Mrs. Cosler had received notice from the office of her attorneys, Miller and Finney. Mrs. Bovey testifies that she did not know the hour of the hearing, but on Monday previous notified her attorney, Mr. Heinz, by telephone. She further testifies that Mr. Heinz told her it would not be necessary for him to be present at the hearing. Mrs. Bovey attempted to attend the hearing, but did not arrive at the court house until about 10 o'clock. At that time the hearing had been completed and decision rendered by the court. At that time she learned the import of the court's decision. Nothing further was done until the next term, when, on March 30, 1938, she filed her petition to open up. Mrs. Bovey's testimony, without considering anything else, clearly shows that she is not entitled to any relief.

It appears from the record that she was served with summons and not having filed any answer or other pleading, no further notice was necessary to be given to her as to the time of hearing.

The fact that she had an attorney and her attorney had at different times contacted both the attorneys for administrators and the attorneys for other defendants, would not alter the rule. If her attorney desired to be notified of the time of hearing, it was necessary for him to either file an answer or have himself listed as an attorney in the case with request that he be notified of the time of hearing.

No obligations rested on the attorneys of record to give him any notice of the hearing, nor was it the duty of the court, when it appeared that this defendant was duly served with summons,.

to have a further notice served on her as to date of hearing.

The trial court very properly overruled the petition to open up.

Finding no error, the judgment of the lower court will be affirmed at costs of appellants.

HORNBECK, PJ. & GEIGER, J, concur.