ISKOVITZ *v.* SAKRAN ET AL.

[No. 31, September Term, 1961.]

*Decided October 12, 1961.*

The cause was submitted to BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on brief by *William E. Baff* for appellant.

Submitted on brief by *Wheeler, Korpeck & Clark* for appellees.

PER CURIAM.

The appellant appeals from an order of the trial court overruling his motion to strike out and vacate an enrolled judgment; and sustaining appellees' demurrer to the motion, which was filed more than thirty days after the judgment was entered. Maryland Rule 625, *Revisory Power of Court over Final Judgment.*

On June 15, 1958, appellees filed suit against the appellant in the Circuit Court for breach of a lease agreement, and on the common counts. The appellant was duly summoned to the July 1958 return day and, in proper person, filed an answer to the complaint on July 14, 1958, causing the case to be at issue. The assignment clerk of the Circuit Court assigned the case for trial on May 7, 1959, and, in accordance with the Rules of the Circuit Court for Montgomery County, published the fact of its assignment in the trial calendar for the March 1959 Trial Term. In addition the assignment clerk notified the appellant by mail of the trial date, but the appellant claimed he never received the notice.

On May 7, 1959, the trial date, the appellant failed to appear and, after testimony was taken by the court, judgment was entered against him in the amount of $1,820.50. Thereafter, on February 16, 1960, more than nine months having elapsed since the rendition of the judgment, the appellees filed a petition for supplementary proceedings. The appellant was duly summoned and filed a motion to strike the judgment obtained against him. He alleged as a basis for the action sought failure of the appellant to receive from the appellees, or from the clerk of the court, notice of the trial date, and that he did not have knowledge of the existence of the judgment until the filing of supplementary proceedings against him.

At the hearing on the motion before the trial court the

assignment clerk testified that the notice of the trial date was duly mailed to the defendant and never returned to his office. On December 15, 1960, the trial court denied the appellant's motion to vacate the judgment. He then requested reargument and the trial court again denied the appellant's motion, whereupon he appeals here.

Maryland Rule 625 specifically states that after the expiration of thirty days from the entry of the judgment the "court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

In the case of *Pumphrey v. Grapes,* 215 Md. 573, 576, 138 A. 2d 916, in quoting from *Baltimore Luggage Co. v. Ligon,* III, 208 Md. 406, 421, 118 A. 2d 665, this Court said:

> "It is settled that a party to litigation, over whom the court has obtained jurisdiction, is charged with the duty of keeping aware of what actually occurs in the case and is affected with notice of all subsequent proceedings and that his actual knowledge is immaterial." Quoting from 3 *Merrill on Notice,* § 1119, it was said: "* * * the clerk is under no duty to keep either party informed of proceedings or rules of court."

See also *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920; *Williams v. Snyder,* 221 Md. 262, 155 A. 2d 904.

In the instant case the appellant, choosing to represent himself, waited without being diligent in following the court records to ascertain when the case was or would be scheduled for trial. The clerk's testimony indicated that notice had been given, but the defendant claimed not to have received it. It appears that the clerk discharged whatever obligation he had whether or not the notice was received by the appellant. In any event it was the appellant's obligation to keep himself apprised of the trial date.

This Court in considering such cases attaches importance to the diligence of the moving party who seeks to have an enrolled judgment set aside and refuses to do so where the moving party has not been diligent. This is such a case. Moreover, none of the reasons in the appellant's affidavit, or set

456

forth in his motion in support thereof, was sufficient to constitute a mistake or irregularity as contemplated by Rule 625.

*Order affirmed, with costs.*