Rockingham,
No. 5066.

INDIAN HEAD MILLWORK CORP.

*v.*

GLENDALE HOMES, INC.

Argued October 2, 1962.

Decided October 31, 1962.

*Hamblett, Kerrigan & Hamblett* and *Robert W. Pillsbury* (*Mr. Pillsbury* orally), for the plaintiff.

*John L. Southwick, Jr.* (by brief and orally), as attorney in fact for the defendant.

BLANDIN, J. The single issue here is whether the Court, in imposing costs as a condition to striking off the default, abused its discretion. *Lavoie* v. *Bourque,* 103 N. H. 372, 374.

Since the defendant had entered an appearance, it was necessary, in the circumstances before us, that it be notified of the hearing. *Lewellyn* v. *Follansbee,* 94 N. H. 111, 113.

The plaintiff introduced testimony through the clerk of court that "in the ordinary course of business" a joint letter, dated May 11, 1961 properly addressed, was sent to the attorneys of both parties, notifying them of the hearing to be held on May 23, 1961. This was evidence that such a letter was received by the defendant's clerk (1 Wigmore, Evidence, (3d *ed.*) *s.* 95) as it indisputably was by the plaintiff's counsel. On the defendant's denial that it received notice, all of the evidentiary facts were to be weighed, and the question then became one for the Presiding Justice to resolve upon the evidence before it. *Magazine Repeating Razor Co.* v. *Weissbard,* 125 N. J. Eq. 593; 9 Wigmore,

Evidence (3d *ed.*) *ss.* 2487 (d), *p.* 281; 2519 (a); Thayer, Preliminary Treatise on Evidence at the Common Law, *pp.* 346, 348-349.

Upon the entire record, the Court's conclusion was sustainable and its imposition of costs was not an abuse of discretion.

*Exception overruled.*

KENISON, C. J., did not sit; the others concurred.