**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee, et al.,**

v.

**PELLER, a Minor, et al., Appellants;**

**Great Northern Mall, Appellee.**

[Cite as *State Farm Mut. Auto. Ins. Co. v. Peller* (1989), 63 Ohio App.3d 357.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55194.

Decided June 26, 1989.

*Robert J. Olender,* for appellee.

*Teresa G. Stanford,* for third-party appellee.

*John P. Fox Co., L.P.A.,* and *John P. Fox,* for appellants.

PAUL H. MITROVICH, Judge.

This is an appeal from the Rocky River Municipal Court's judgment in favor of the plaintiffs on the plaintiffs' complaint and dismissing defendants' counterclaim and third-party complaint.

Plaintiffs State Farm Mutual Automobile Insurance Company and Ernest L. Papp filed a complaint against defendants Andrea Peller and Miklos Peller as a result of an automobile accident. Defendants filed a counterclaim and third-party complaint against Great Northern Mall. After being rescheduled three

times, trial on the matter was held on December 15, 1987. Plaintiffs and third-party defendant appeared, but defendants were not present. Judgment was rendered in favor of plaintiffs on their complaint, and defendants' third-party complaint and counterclaim were dismissed.

Defendants presently appeal that decision, raising two assignments of error.

## I

Appellants' first assignment of error is:

"The trial court abused its discretion when it entered judgment for the plaintiff [*sic*] when defendant Peller's [*sic*] counsel was not notified of the trial date and the instant case proceeded without the defendants."

Appellants argue that the court erred in proceeding to trial without appellants' counsel as appellants' counsel was not notified by the court of the December 15 trial date.

Upon our review of the record, we find no merit to this contention.

The record of the court proceedings below indicates that notice was sent to all parties. If in fact notice never reached counsel, the result in this case would not change. It was incumbent on counsel to check the docket. In light of the fact that the case had been rescheduled three times, counsel should have been particularly aware that a new date would be set.

This case raises some conflict with past decisions of this court regarding when it is necessary to journalize hearing dates. This court has ascribed to the proposition that a court can only speak through its journal as hornbook law. *Carter v. Johnson* (1978), 55 Ohio App.2d 157, 9 O.O.3d 323, 380 N.E.2d 758; *Wolff v. Kreiger* (1976), 48 Ohio App.2d 153, 2 O.O.3d 118, 356 N.E.2d 316. We do not wish to change this general rule. However, it is necessary to speak to its application.

We held in *Robertson v. Robertson* (Mar. 9, 1989), Cuyahoga App. No. 56089, unreported, 1989 WL 21396 at 1, that "[i]n order to give the parties proper notice of a proceeding, a Court at the least must *journalize* the date of proceeding." (Emphasis added.) We also held in *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 3 OBR 118, 443 N.E.2d 992, where a trial court advised the attorneys to submit trial briefs by a specific date, sanctions may not be imposed for failure to comply where the court's order is not journalized. This position has been reflected in a number of recent cases decided by this court.

In the case *sub judice* the minority submits the rule established ought to be applied here, namely, that even though notice appears on the court record, the

notices were not journalized, therefore, no sanctions by way of *ex parte* judgment may be taken. See *Rose Park Nursing Home v. Sneed* (Mar. 16, 1989), Cuyahoga App. No. 56041, unreported, 1989 WL 24954; *Sub Trenching Co. v. Nida Construction* (Dec. 11, 1986), Cuyahoga App. No. 51361, unreported, 1986 WL 14498. The majority, however, disagrees with this position and holds the court is not required to journalize its trial dates beyond giving notice to the respective parties.

This issue in the view of the majority has been settled by the Ohio Supreme Court in *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599. The court held an entry of the trial date on the court's docket constitutes reasonable, constructive notice of the fact. Even though the plaintiff did not receive notice except by the constructive notice of the docket, the court held the due process requirements had been met. The parties are responsible to be informed about their cases. In further reliance of *Ohio Valley, supra,* and *Wolff, supra,* we held in *Dupal v. Daedlow* (1989), 61 Ohio App.3d 46, 572 N.E.2d 147, the correct procedure is *ex parte* hearings where the opposing party fails to appear.

In reliance of *Ohio Valley, supra,* this court also ruled in *Maintenance Unlimited, Inc. v. Ozanne Constr. Co.* (Mar. 23, 1989), Cuyahoga App. No. 55958, unreported, at 2, 1989 WL 27767, "It is a *reasonable* notice of a trial date that is required to satisfy due process, not necessarily written notice."

In *Ries Flooring Co. v. Dileno Constr. Co.* (1977), 53 Ohio App.2d 255, 259, 7 O.O.3d 320, 322, 373 N.E.2d 1266, 1269, the court listed the position of other states on this matter:

"Notice to the parties of a lawsuit is an elementary essential of a judicial proceeding, *Town of Lake Hamilton v. Hughes* (1948), 160 Fla. 646, 36 So.2d 260; *Wharton v. Cole* (Ky.1964), 374 S.W.2d 498; *Indian Head Millwork Corp. v. Glendale Homes, Inc.* (1962), 104 N.H. 312, 185 A.2d 259; *State, ex rel. Hall, v. Cowie* (1951), 259 Wis. 123, 47 N.W.2d 309; *Brooker v. Smith* (Fla.App.1958), 101 So.2d 607; *Siano v. Spindel* (1975), 136 Ga.App. 288, 220 S.E.2d 718 and is required by due process, *McClintock v. Serv–Us Bakers* (1968), 103 Ariz. 72, 436 P.2d 891; *Wolfe v. Ruggle* [*sic, Riggle*] (1962), 407 Pa. 172, 180 A.2d 220; *Brooker v. Smith, supra.*

"While it is clear that some form of notice is required to parties or their attorneys who have appeared in an action, they are expected to keep themselves informed of the progress of their case. *Thompson v. Odom* (Ala.1966), [279 Ala. 211] 184 So.2d 120; *Iskovitz v. Sakran* (1961), 226 Md. 453, 174 A.2d 172. Hence, in the absence of a rule of court to the contrary, parties are not

normally entitled to notice of a hearing other than the setting of the case on the docket, *Plains Growers, Inc. v. E.E. Jordan* (Tex.1974), 519 S.W.2d 633."

Other Ohio courts of appeals have adopted the same view as illustrated above. The Franklin County Court of Appeals in *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 167, 2 OBR 182, 184, 441 N.E.2d 299, 302, said:

"We have previously said that it is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of hearings, including the date of trial, and that there is no duty upon the court or its clerk to notify a party of the date set for trial. See the decision of this court in *Holland v. Amer* (Nov. 29, 1979), No. 79AP–106, unreported, citing *Hahn v. McBride* (1913), 88 Ohio St. 511 [103 N.E. 760], and *Sackett v. McClure* (1939), 29 Ohio Law Abs. 560."

The *Metcalf* court also discussed *Ries Flooring Co. v. Dileno Constr. Co.*, *supra*, as standing for the proposition that due process of law requires that parties to a lawsuit be given adequate notice of all judicial proceedings in that action. The court said:

"Actually, the court of appeals in the *Ries Flooring Co.* case approved a form of the general rule we set out in *Holland v. Amer*, *supra*, saying, in effect, that where there is no rule of court providing for other notice, due process is satisfied where the trial court sets a case down on its docket for hearing, since the parties or their attorneys are expected to keep themselves advised of the progress of their cases." *Metcalf*, *supra*, 2 Ohio App.3d at 168, 2 OBR at 185, 441 N.E.2d at 303.

The *Metcalf* opinion would seem to overrule the Summit County Court of Appeals' prior position held in *King v. King* (1977), 55 Ohio App.2d 43, 9 O.O.3d 205, 379 N.E.2d 251.

Accordingly, we specifically overrule *Robertson v. Robertson*, *supra*, in light of *Ohio Valley*, *supra*, and hold further the trial court did not err in holding trial in the absence of appellants.

Appellants' first assignment of error fails.

## II

Appellants' second assignment of error is:

"The trial court judgment is against the manifest weight of evidence."

█ Appellants challenge the court's judgment as being against the manifest weight of the evidence.

An evaluation of appellants' assignment of error necessarily requires a review of the proceedings of the trial court. However, appellants did not supply this court with a transcript, narrative statement or agreed statement of evidence demonstrating the alleged error, as required by App.R. 9(B), (C) and (D). In the absence of such a record, it is impossible for this court to review the propriety of the proceedings below as to the claimed error. *Conway v. Ford Motor Co.* (1976), 48 Ohio App.2d 233, 2 O.O.3d 191, 356 N.E.2d 762. Therefore, we must presume the regularity of the proceedings at the trial court. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

Appellants' second assignment of error fails.

*Judgment affirmed.*

JOHN V. CORRIGAN, J., concurs.

KRUPANSKY, J., dissents.

PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment.

KRUPANSKY, Presiding Judge, dissenting.

I respectfully dissent. The majority mistakenly argues according to the record on appeal the parties had either actual or constructive notice of the trial date and, therefore, the trial court did not abuse its discretion in proceeding *ex parte.*

It is an absolute necessity that in order to sanction a party for failure to obey a court order, such as an order scheduling date of trial, the order must be journalized. *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 105–106, 3 OBR 118, 119–122, 443 N.E.2d 992, 995–997; *Rose Park Nursing Home v. Sneed* (Mar. 16, 1989), Cuyahoga App. No. 56041, unreported, 1989 WL 24954; *Robertson v. Robertson* (Mar. 9, 1989), Cuyahoga App. No. 56089, unreported, 1989 WL 21396; *Dupal v. Daedlow* (1989), 61 Ohio App.3d 46, 572 N.E.2d 147; *Sub Trenching Co. v. Nida Construction* (Dec. 11, 1986), Cuyahoga App. No. 51361, unreported, 1986 WL 14498.

The majority's reliance on *Ries Flooring Co. v. Dileno Constr. Co.* (1977), 53 Ohio App.2d 255, 7 O.O.3d 320, 373 N.E.2d 1266, is totally misplaced. The *Ries* court held notice by publication of trial date was insufficient when the names and addresses of the parties are part of the court record and affirmed the trial court's vacation of default judgment. In *Ries, supra,* there is no indication any court orders setting the date for trial were journalized and the issue of whether the trial court could bind parties to orders not journalized was not before the court of appeals.

*Reese v. Proppe, supra,* which was decided subsequent to *Ries, supra,* is entirely consistent with *Ries* and stands for the proposition a party is not bound by a trial court order not journalized since a court only speaks through its journal. *Ries* is concerned only with due process notice considerations. It should be noted in *Reese, supra,* the parties had actual notice of the court order since the trial court informed counsel by written correspondence of the court's unjournalized order. Actual notice in *Reese* was not sufficient because the court order was not journalized.

Furthermore, the majority's reliance on *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299, is also totally unpersuasive. In *Metcalf,* there was absolutely no indication in the record on appeal that any court orders were or were not journalized. Therefore, the issue before the court in *Metcalf,* like the issue before the court in *Ries,* was one of notice necessary to satisfy due process and that issue is totally distinct from the issue presented in *Reese* and the case *sub judice* which concerns whether the parties can be bound by court orders not journalized.

The majority's reliance on *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599, is also misplaced because again, the issue of whether there was a journalized court order setting the date for trial was not before the court in *Ohio Valley.* *Ohio Valley* concerned the issue of what constituted adequate notice and is, therefore, similar to *Ries* and *Metcalf* and totally dissimilar to *Reese* and the case *sub judice.* See this court's discussion of *Ohio Valley* appearing in *Fendrich v. Fendrich* (Mar. 9, 1989), Cuyahoga App. No. 54840, unreported, 1989 WL 21431. Despite the majority's reliance on *Ohio Valley* the fact remains the majority has failed to cite any cases where the Ohio Supreme Court has decided the issue of whether a trial date must be journalized before a trial court can sanction a party for failure to appear. The case *sub judice* presents an excellent opportunity for the Supreme Court to settle this issue.

Again, for the same reason, the majority's reliance on *Maintenance Unlimited, Inc. v. Ozanne Constr. Co.* (Mar. 23, 1989), Cuyahoga App. No. 55958, unreported, 1989 WL 27767, is misplaced. Again, the issue of the trial court's journalization of the trial date was not before the court in *Maintenance Unlimited.*

In sum, there are no cases which have come to this court's attention, and certainly no cases set forth in the majority's opinion, which contravene the age old rule a court can only speak through its journal and the long-standing practice of this court of appeals to refuse to allow a trial court to sanction a party for failure to obey a court order which has not been journalized. Simply stated, there is no basis in law for the majority's decision to affirm the case

*sub judice* and to overrule *Robertson, supra.* Therefore, I would reverse and remand this case for a new trial on the complaint.