This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Defendant-appellants Joseph Fleck, et al. ("Flecks"), appeal the decision of the trial court denying their motion to vacate a default judgment which was entered against them.
On August 6, 1998, plaintiff-appellees Howard Shear, et al. ("Shears") filed a complaint in the Cuyahoga County Court of Common Pleas against the Flecks alleging failure to disclose defects in real property, fraud, breach of contract, breach of warranty, and negligent infliction of emotional distress. On September 30, 1998, the Flecks, through counsel, filed an answer denying all the relevant allegations. A case management conference was set for November 4, 1998, but neither the Flecks nor their counsel appeared. The court issued an order noting the Flecks' counsel failed to appear. The trial court scheduled a second case management conference for November 18, 1998 and stated if the Flecks fail to appear a default judgment will be rendered against them. On November 19, 1998, the trial court issued an order stating counsel for the Shears appeared but counsel for the Flecks failed to appear. The trial court stated that it was entering a default judgment on behalf of the Shears pursuant to its prior order of November 5, 1998. Subsequently, Howard Shear filed an affidavit averring the cost of repairing his house as a result of severe water damage amounted to $32,000.00. On November 25, 1998, the trial court entered a default judgment in favor of the Shears for $32,000.00.
On December 30, 1998, the Flecks filed a motion to vacate the default judgment. In the motion, the Flecks' counsel argued he sustained a heart attack in April of 1997, but returned to limited work on March 1, 1998. He claimed he received no notice of the November 4, 1998, hearing. Flecks' counsel admits he received notice by telephone of the November 18, 1998 conference, but the message "inadvertently was misplaced." He stated he was unable to drive or ambulate without the use of a cane or brace. The Shears filed a motion in opposition to the Flecks' motion to vacate judgment. The Shears maintained that the excuses for failure to appear at the conferences by counsel for the Flecks were not sufficient evidence upon which the trial court could grant relief. The trial court denied the Flecks' motion to vacate the default judgment.
The Flecks then filed a notice of appeal from the denial of their motion to vacate. On appeal, they now present three assignments of error. The first assignment of error states as follows:
 THE LOWER COURT ERRED IN DENYING THE MOTION TO VACATE FILED BY APPELLANTS' REPRESENTATIVE. SUCH MOTION ALLEGING FAILURE OF WRITTEN NOTICE, IN THAT A PRIOR DEFAULT JUDGMENT AGAINST APPELLANTS WAS VOID AB INITIO FOR FAILURE BY THE LOWER COURT TO SERVE PROPER WRITTEN NOTICE UNDER RULE 55 (A) OF THE OHIO RULES OF CIVIL PROCEDURE ON APPELLANTS' REPRESENTATIVE WHO HAD FILED A RESPONSIVE PLEADING.
The Flecks argue the trial court improperly denied their motion to vacate the default judgment. They claim, pursuant to Civ.R. 55 (A), they did not receive written notice of the potential for default judgment. In support, they maintain the post card notification sent to their counsel alerting him of the potential f or default judgment was returned to the court "not deliverable as addressed — unable to forward." Thus, their counsel never received written notice from the trial court as required under Civ.R. 55 (A). As a result, the Flecks contend the default judgment entered by the trial court should be reversed and they should be afforded their due process right to provide a meritorious defense. The Flecks also argue that when a responsive pleading has been filed, as in the present case, a default judgment may not be entered.
Civ.R. 55 Default states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *." The Ohio Supreme Court has interpreted this language as meaning that once a party pleads in a matter the provisions of Civ.R. 55 are inapplicable. Ohio Valley RadiologyAssociates, Inc. v. Ohio Valley Hosp. Ass'n. (1986), 28 Ohio St.3d 118,121.
In the present case, the Flecks answered the Shears' complaint. This amounts to a pleading; thus according to Ohio ValleyRadiology Associates, the trial court should not have entered a default judgment on behalf of the Shears as a result of the Flecks counsel's failure to appear for two case management conferences. The trial court should have conducted an ex parte
trial at the second case management counsel when Flecks' counsel failed to appear. State Farm Mutual Automobile Insurance Companyv. Peller (1989), 63 Ohio App.3d 357. This would have allowed the Shears to present evidence to prove their claims and the trial court could have entered the appropriate judgment at the conclusion of the ex parte trial.
We find the trial court erred in entering a default judgment on behalf of the Shears when the Flecks filed an answer thus entering a pleading in the case. Therefore, the default judgment entered on behalf of the Shears by the trial court is reversed and the Flecks' first assignment of error is sustained.
Because the first assignment of error was sustained, the Flecks' two remaining assignments of error need not be addressed. See App.R. 12 (A) (1) (c) Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. ANNE L. KILBANE, J., CONCUR.
 __________________________ PRESIDING JUDGE JOHN T. PATTON