JOURNAL ENTRY AND OPINION
Peter Cymbal Jr. appeals from a judgment of the domestic relations division of common pleas court granting a divorce to Sandra L. Cymbal and ordering him to pay child support of $525 per month for each of their two minor children. On appeal, he argues that the court deprived him of due process of law, claiming that he did not receive service of process of the amended complaint filed by Sandra Cymbal and did not have an opportunity to be heard in court. After careful review, we reject his claim and affirm the judgment of the trial court.
The record here reveals that Sandra Cymbal originally filed a complaint for a legal separation on July 24, 1998 and that on September 23, 1998, Peter Cymbal filed his answer and counterclaimed for divorce. Sandra subsequently filed a motion for support pendente lite and on January 13, 1999, the court ordered Peter to pay temporary monthly child support of $283.22 for each child, Anessa and Rachel. On October 29, 1999, Peter dismissed his counterclaim for divorce without prejudice.
Thereafter, on January 18, 2000, Peter Cymbal discharged his attorneys; the following day, January 19, 2000, he failed to appear at a pretrial despite having been informed of his court-ordered appearance by his counsel. Subsequent to that pretrial, on May 25, 2000, Sandra filed an amended complaint seeking a divorce. Her counsel mailed a copy of the amended complaint by regular U.S. mail to Peter Cymbal at 3611 Vezber Lane, Seven Hills, Ohio 44131 and also requested the Clerk of Court to serve Cymbal by certified mail at the same address. The post office however returned the certified mail as unclaimed.
On July 11, 2000, the court conducted a hearing on Sandra's complaint for a divorce and on July 26, 2000, the court granted her the divorce.
In its entry the court recited that Peter had been duly served with notice of the hearing but that he failed to appear. On appeal, Peter raises three assignments of error, which we address together because they concern the same issue: whether he had been properly served with the amended complaint. The assignments of error state:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT WENT FORWARD ON AN AMENDED COMPLAINT FOR DIVORCE WHEN THERE WAS NO SERVICE OF PROCESS ON DEPENDENT.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN A FINAL JUDGMENT OF DIVORCE AND OTHER RELIEF WAS ENTERED AGAINST HIM WITHOUT NOTICE NOR AN OPPORTUNITY TO BE HEARD.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS CHILD SUPPORT WAS INCREASED WITHOUT NOTICE NOR AN OPPORTUNITY TO BE HEARD.
These three claims stem from Peter's contention that he has been deprived of due process of law because Sandra failed to serve him with the amended complaint. He relies on the fact that the certified mail had been returned to the clerk of court as unclaimed.
 CIV R 5. SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS SUBSEQUENT TO THE ORIGINAL COMPLAINT
Civ.R. 5 sets forth rules for service of pleadings and other papers subsequent to the original complaint. It provides in pertinent part:
(A) Service: when required
 Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint * * * shall be served upon each of the parties. * * *
(B) Service: how made
 Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by * * * mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. * * * Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission.
In this case, the record indicates that at the time Sandra filed her amended complaint, Peter was not represented by counsel. Thus, Sandra fulfilled the requirements of Civ.R. 5 by mailing the amended complaint to Peter Cymbal at 3611 Vezber Drive, Seven Hills, Ohio 44134, which appears from the record to be his last known address. Certain documents in the record list Peter Cymbal's address as 3611 Vezber, Seven Hills, Ohio 44131, while other documents show it as 1220 West Pleasant Valley Road, Parma Ohio 44134, his place of employment. On a pretrial statement and affidavit filed by Peter and dated March 18, 1999, he listed his address as 3611 Vezber Lane, Seven Hills. Further, the court listed Peter's current home address in its judgment entry as 3611 Vezber Drive, Seven Hills. Since Civ.R. 5 permits service to be made on a party by mailing a copy of an amended pleading to that party's last known address and since, in this case, Sandra did mail such a pleading to what appears to be Peter's last known address, she satisfied the service requirements of Civ.R. 5, which states:
 service by mail is complete upon mailing. Because Sandra had no obligation to serve Peter by certified mail through the office of the Clerk of Courts pursuant to Civ.R. 5, it is immaterial that the certified mail of the amended complaint had been returned by the post office as unclaimed.
Furthermore, a review of the record does not reveal any irregularity in the court's notification to the parties regarding the July 11, 2000 hearing on the complaint for divorce. Even if, contrary to what the record indicates, Peter did not receive the court's notice for the hearing, we recognize that once a person has become a party to an action, it is his duty to keep himself advised of the progress of the case, including the dates of hearings. See Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 167; State Farm Mutual Auto. Ins. Co. v. Peller (1989), 63 Ohio App.3d 357, 361-362.
In conformity with this analysis, we conclude that the court did not err in finding that Peter had been duly served and given adequate notice of the divorce hearing in accordance with Civ.R. 5. Peter's contention that he had been deprived of due process is not well taken.
Finally, Peter claims that the court ordered him to pay child support of $525.31 in reliance upon unsubstantiated evidence. This claim is factually erroneous.
In its judgment entry of July 11, 2000, the court found that Sandra presented evidence to document Peter's 1999 income from employment in the amount of $97,448.68 and further found that she failed to document any other sources of income. Based on his income of $97,448, therefore, the court calculated his child support obligation at $525.31 per month, in accordance with the Child Support Guidelines Worksheet. Thus, the record rebuts Peter's claim that the court based its calculation of child support on unsubstantiated evidence of his income.
On the basis of the foregoing, we overrule these assignments of error and affirm the judgment of the trial court.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ TERRENCE O'DONNELL, JUDGE:
PATRICIA A. BLACKMON, P.J. and ANNE L. KILBANE, J. CONCUR.