OPINION
{¶ 1} Defendant-Appellant, Richard Heilman ("Appellant"), appeals a Seneca County Common Pleas Court decision wherein the court found Appellant in contempt, voided his consent entry with Plaintiff-Appellee, Seneca County General Health District ("Health District"), and ordered the sale of Appellant's property to accomplish an abatement of a public health nuisance thereon. On appeal, Appellant contends that the trial court was without jurisdiction because he was neither properly served with the Health District's motion for contempt and equitable relief nor with notice of the hearing, both of which resulted in the judgment subject of this appeal. Because the Health District served its motion on Appellant pursuant to Civ.R. 5 and because notice of the hearing was noted on the docket and sent to Appellant via regular U.S. mail, Appellant received proper notice. Accordingly, the trial court's judgment must be affirmed.
 {¶ 2} Facts and procedural posture pertinent to the issues on appeal are as follows. On July 26, 1995, the Health District received a nuisance complaint from the Trustees of Pleasant Township, Seneca County, Ohio alleging an accumulation of solid waste on Appellant's property. After inspection, the Health District ordered Appellant to remove the waste; however, he failed to comply. In response, the Health District filed a Complaint for Injunction to Enjoin a Public Nuisance in the Seneca County Common Pleas Court, pursuant to R.C. 3707.021, for the removal of the solid waste on Appellant's land.
 {¶ 3} A permanent injunction hearing was held on July 9, 1999, and the court found a public nuisance at his premises. Accordingly, a permanent injunction was issued against him, and Appellant was ordered to abate the nuisance in a July 13, 1999 judgment entry and appear for a hearing to show proof of compliance on September 1, 1999. At the subsequent hearing, Appellant admitted failing to remove the waste on his property and was found in contempt. As part of his punishment, Appellant was sentenced to a jail term with daily release for waste removal from his property. The length of the sentence was commensurate with the time needed for complete abatement as ordered in the July 13, 1999 judgment entry.
 {¶ 4} On October 25, 1999, the Health District filed a Motion for Status Hearing due to Appellant's continued lack of compliance with the court's orders, which was granted. In the meantime, after meeting bond requirements, the court ordered Appellant's release from jail. Thereafter, on June 6, 2000, the trial court again found Appellant in contempt for his continued failure to abate the nuisance on his property and sentenced him to a thirty-day jail term, with an additional ninety days suspended on the condition that Appellant comply with the court's order. Therein, Appellant was ordered to refrain from entering the property until the Health District abated the nuisance, which was completed on August 22, 2000. Moreover, all prior orders of the court remained in effect.
 {¶ 5} Apparently, after the Health District had deemed the nuisance abated, Appellant resumed accumulating waste on the property. In response, the Health District filed a Motion for Contempt of Court and Equitable Relief in the Form of Sale of the Premises on December 11, 2000. At the hearing on the motion, the parties indicated to the court that a potential settlement had been reached. Accordingly, a consent judgment entry was filed by the court on May 23, 2001, providing that the Health District's motion was withdrawn and that Appellant would, among other things, abate the nuisance on his premises in accordance with the law. The court also expressly reserved its jurisdiction to assure compliance with the entry and all previous court orders.
 {¶ 6} Then, on March 4, 2002, the Health District moved to vacate the consent judgment and again filed a Motion for Contempt of Court and Equitable Relief in the Form of Sale of the Premises because Appellant continued to refuse to abate the nuisance on his property. Notice of an April 8, 2002 hearing on the motion was filed on March 11, 2002, and mailed to Appellant and his attorney by regular U.S. mail, which was not returned as undeliverable. However, neither Appellant nor his attorney appeared at the hearing. Accordingly, after hearing the Health District's presentation of evidence, the court, in an April 10, 2002 judgment entry, vacated the consent entry, permanently enjoined Appellant from entering the property, ordered the premises to be sold, and found Appellant in contempt. Subsequently, Appellant moved to vacate the court's order, claiming that he had not received notice of the April 8, 2002 hearing, which was stayed by the trial court pending the outcome of Appellant's appeal from the April 10, 2002 judgment entry to this Court.
 {¶ 7} On appeal, Appellant presents the following sole assignment of error for our review:
 {¶ 8} "THE TRIAL COURT LACKED JURISDICTION TO ENTER ITS JOURNAL ENTRY OF APRIL 10, 2002, IN THAT IT ORDERS IN A CONTEMPT PROCEEDING THE COMPLETE TAKING OF APPELLANT'S REAL PROPERTY AND THE IMPOSITION OF A SUBSTANTIAL MONETARY FINE, WITHOUT MEETING DUE PROCESS OF LAW GUARANTEES TO THE APPELLANT."
 {¶ 9} Appellant contends that the trial court lacked jurisdiction to enter the order subject to this appeal because pursuant to the parties' consent entry, the Health District agreed to dismiss its December 11, 2000 motion without prejudice, and consequently, either a new complaint or motion should have been served upon him according to Civ.R. 4 and 4.1 to seek the relief requested in the withdrawn motion. Alternatively, Appellant argues that service of the trial court's notice for the April 8, 2002 hearing by regular U.S. mail was not proper, maintaining that certified mail service was necessary.
 {¶ 10} We will begin our discussion by addressing Appellant's contention that the trial court was without jurisdiction to issue the subject orders because the Health District was required to file a new complaint and serve it upon him according to Civ.R. 4 and 4.1 after the consent entry was filed. We find Appellant's argument to be misplaced. First, at no time did the Health District agree to withdraw its original complaint against Appellant. Instead, the consent entry noted that the Health District would dismiss its then-pending motion for contempt and equitable relief. Moreover, within the entry, the parties agreed that the prior permanent injunction and abatement orders of the court were still in effect and that the court retained jurisdiction over the matter to assure the parties' compliance with the consent entry as well as all other orders of the court. Consequently, Appellant consented to the court's continuing jurisdiction over the matter to assure compliance. The court's continuing jurisdiction over the matter was further acknowledged by the parties' agreement to allow the court to review the terms of the consent entry at a later date. For these reasons, the Health District was not required to file another complaint in light of Appellant's failure to comply with the consent entry.
 {¶ 11} We now turn to the issues involving the service of the Health District's March 4, 2002 motion upon Appellant. Appellant maintains that the Health District was required to serve the motion pursuant to Civ.R. 4 and 4.1, which requires the use of certified mail. However, Civ.R. 4 and 4.1 only govern the service of the original complaint in an action.[1] The filing and service of all documents subsequent to the complaint are controlled by Civ.R. 5,[2] which provides: "Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the lastknown address of the person to be served or, if no address is known, leaving it with the clerk of the court."[3] Moreover, Civ.R. 5 provides that "[s]ervice by mail is complete upon mailing."[4]
 {¶ 12} The record herein indicates that the Health District mailed copies of its motion both to Appellant and his attorney by regular U.S. mail, as contemplated by Civ.R. 5, to their last known addresses. Notably, the address for Appellant is the same address he provided to the court at the time of the consent entry. Thus, based upon the record, we find that the motion was properly served on Appellant.
 {¶ 13} Appellant further argues that he was not afforded proper notice of the April 8, 2002 hearing from the court. Due process guarantees that every party to an action has "a reasonable opportunity to be heard after a reasonable notice of such hearing."[5] However, the Civil Rules do not contemplate how a court must notify parties of a hearing but, instead, mandate that when required, written notice is to be completed by the parties through counsel, and not by the court.[6]
"Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry * * * on the court's docket constitutes reasonable, constructive notice of that fact."[7] Moreover, "once a person has become a party to an action, it is his duty to keep himself advised of the progress of the case, including dates of hearings."[8]
 {¶ 14} In this case, the trial court established the date of the hearing in a March 11, 2002 Court Notice. The notice was on the case docketing statement and part of the record.[9] Moreover, although not required to do so, the court sent a copy of the notice by ordinary mail to Appellant and his attorney. Thus, based on these facts, the trial court's notice was reasonable.
 {¶ 15} For these reasons, we find Appellant's assignment of error to be without merit and overrule the same.
 {¶ 16} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J. and HADLEY, J., concur.
[1] Civ.R. 4, 4.1; Nalbach v. Cacioppo (Jan. 11, 2002), Trumbull App. No. 2001-T-0062, 2002-Ohio-53.
[2] In re Sticklen (July 13, 1992), Butler App. No. CA91-02-024.
[3] Civ.R. 5(B) (emphasis added).
[4] Id.
[5] Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 125; Minolta Corp. v. Kreais (Mar. 28, 1997), Wyandot App. No. 16-96-9.
[6] Id.; In re Sticklen, supra.
[7] Id.
[8] Cymbal v. Cymbal (June 21, 2001), Cuyahoga App. No. 78483, citingMetcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 167; StateFarm Mut. Auto. Ins. Co. v. Peller (1989), 63 Ohio App.3d 357,361-362.
[9] See Minolta Corp., supra.