OPINION
{¶ 1} This appeal arises from a divorce decree issued by the Geauga County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Appellee, Randolph Lundstrom filed a divorce action on September 8, 2000. The complaint stated that the address for both parties was 13885 Woodin Road, Chardon, Ohio. In his complaint, appellee requested service by publication because appellant, Billie Jo Lundstrom, had left the area and refused to tell him where she was living. At that time, appellee also sought a temporary restraining order prohibiting appellant from entering his place of business, Uptown Printing, and from entering the marital home. The trial court subsequently granted a restraining order prohibiting the parties from disrupting each other or their marital property.
 {¶ 3} Appellant notified appellee by e-mail that she would be returning to the area on September 17, 2000 to sign some papers and get her personal belongings. Appellant was personally served by a private process server on that date at Uptown Printing.
 {¶ 4} On November 3, 2000, a notice of hearing was sent to appellant at the Chardon address listed on the complaint, the last known address for appellant. It was returned to the court stamped, "No Mail Receptacle." Notice of failure of service was sent to appellee's attorney.
 {¶ 5} An uncontested divorce hearing was held on December 6, 2000 before a magistrate. Appellant was not present and was not represented by counsel. Appellee testified at the hearing that appellant had done all of the bookkeeping for his printing business. He stated that, after coming home and finding a note from appellant that she was leaving him, he discovered that the company's bank accounts were all overdrawn and that appellee had failed to pay city, state and federal taxes for the business for the past four years. He also stated that the business was thirty six months in arrears on sales tax payments and that appellant had been taking money from the business accounts. Appellee also presented several other personal debts that had not been paid. He also testified as to the present value of the marital residence. Appellee requested that appellant be responsible for one-half of all of the debts and that the court award him the business and the marital residence.
 {¶ 6} The magistrate issued findings of fact and conclusions of law on December 8, 2000, finding that appellant failed to pay city, state and federal taxes, failed to pay other business and personal bills, and that appellant took approximately $100,000 from the business accounts. The magistrate also found that appellee began the business prior to the marriage and, as such, it was separate property. The magistrate also categorized the personal and business tax debts together as marital debts, finding that appellant owed one-half of all debts, and awarding both the business and marital property to appellee. The trial court subsequently approved the magistrate's findings by judgment entry filed January 4, 2001.
 {¶ 7} Notice of the final judgment entry was sent to appellant via the Chardon marital address. The entry was returned to the court stamped, "No Such Street Number." No other attempt to notify appellant of the judgment was made. Appellant subsequently learned of the divorce decree from appellee in February, 2001.
 {¶ 8} An February 22, 2001, appellant filed a motion for Relief from Judgment. Service was sent to appellee at the marital residence but was returned to the court as "Attempted — Not Known." Appellee was subsequently served on March 16, 2001 at his business.
 {¶ 9} In her motion, appellant contended that appellee knew that she was not living at the marital residence. Appellant also disputed appellee's valuation of the marital property and appellee's claims that appellant took money from the business.
 {¶ 10} A hearing was held on the motion for relief from judgment on April 30, 2001. Appellant testified at the hearing that she lived at the marital residence until August 10, 2000 when she moved to Columbus, Ohio, and that she had continuing e-mail correspondence with appellee who knew where she was living and working. Appellant also testified that she was told by appellee that he had "canceled" the divorce and that she had contacted the Geauga County Court to inquire about the case although she could not recall with whom she spoke.
 {¶ 11} An May 4, 2001, the magistrate denied appellant's request for relief from judgment. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and appellant subsequently filed this appeal.
 {¶ 12} Appellant raises two assignments of error. The first assignment of error is as follows:
 {¶ 13} "The trial court erred when it denied Appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B)."
 {¶ 14} Appellant's second assignment of error is:
 {¶ 15} "The trial court erred when it failed to properly serve Appellee with notice of the uncontested final divorce hearing pursuant to Civ.R. 75."
 {¶ 16} In her second assignment of error, appellant claims that the notice of the final hearing was never properly served. If notice was not sufficient, it would necessitate a new hearing on the merits and obviate the need to address the first assignment of error. Thus, we will first address appellant's second assignment pertaining to notice.
 {¶ 17} Civ.R. 75(L) governs providing a party without counsel notice of a hearing in a divorce action:
 {¶ 18} "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."
 {¶ 19} This court has recognized that civil due process requires notice and an opportunity to be heard and that Civ.R. 75(L) requires that adequate notice be given to the adverse party of a trial on the merits.[1]
Notice must be "`reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[2] Moreover, there cannot be a default judgment in a divorce proceeding.[3]
 {¶ 20} In the instant case, appellee was aware that appellant was returning to the area for a few days and, through a process server, was able to personally serve appellant at the business when she arrived there to sign papers at the request of appellee.
 {¶ 21} Ance the uncontested divorce hearing was scheduled, the court attempted to serve appellant by sending the notice of hearing, via regular mail, to the marital address which was the last known address for appellant. That notice was returned to the court indicating there was "No Mail Receptacle."
 {¶ 22} "[I]t is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of the hearings, including the date of trial ***." We believe that notice should be "reasonably calculated" to apprise the party of the pending action.[4] Thus, a party cannot purposefully evade service and later claim ignorance when the result is unfavorable.
 {¶ 23} At the hearing, appellant submitted several e-mails she had received from appellee which made references to appellee having specific knowledge of appellant's work and home addresses. Appellant asserts that appellee had information regarding a current address for appellant and never revealed it to the court. However, appellee is not under any duty to ensure that appellant's current address is on record with the court. On the contrary, it remains appellant's obligation to appear in the action and provide the court with current address information.
 {¶ 24} At issue is a notice of hearing, sent by the clerk of courts, not a pleading issued by appellee's attorney. Thus, had appellee's attorney been aware of appellant's current address and persisted in attempting service via the marital residence, the issue of notice may be pertinent. Thus, appellant, having been personally served at the commencement of the action, was on notice of the pending action and failed to file an answer, provide the court with a proper address or appear in the action in any way.
 {¶ 25} Appellant's second assignment of error is without merit.
 {¶ 26} In appellant's first assignment of error she contends that the trial court erred in denying appellant's motion for relief from judgment.
 {¶ 27} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must satisfy the three-part test set forth by the Supreme Court of Ohio in GTE Automatic Elec. v. ARCIndustries.[5] In that case the court held:
 {¶ 28} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[6]
 {¶ 29} The determination of whether to grant a motion for relief from judgment is in the sound discretion of the court and will not be reversed absent an abuse of discretion.[7]
 {¶ 30} In the instant case, appellant sought relief from judgment pursuant to Civ.R. 60(B)(1), (3) and (5). Appellant contended that her failure to appear was the result of excusable neglect and fraud and/or misconduct on the part of appellee. At the hearing on the motion testimony was taken from both parties. "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief."[8]
Thus, it was appellant's burden at the hearing to substantiate the claims and allegations she had set forth in her motion. Appellant testified that appellee knew she was not living at the marital residence and that he had specific knowledge as to her residential and work addresses in Columbus. Appellant also provided a number of emails from appellee which specifically stated that he was aware of where she was living. Appellant also testified that at some point appellee had told her that he had "canceled" the divorce.
 {¶ 31} At the conclusion of the hearing, the court specifically found that all of appellant's excuses as to why she did not provide the court with a forwarding address and why she did not appear in the action were simply not credible. The court concluded that the burden remained on appellant to notify the court of a current address once she was initially served and therefore, appellant claims that appellee knew where she was residing did not relieve her of that burden.
 {¶ 32} After reviewing the foregoing, we conclude that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment and appellant's first assignment of error is without merit.
 {¶ 33} Since each of Appellant's two assignments of error are without merit, the judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs,
WILLIAM M. O'NEILL, P.J., dissents with dissenting opinion.
[1] Williams v. Williams (Sep. 29, 2000), 11th Dist. No. 99-A-0008, 2000 Ohio App. LEXIS 4554, at 10.
[2] Id. citing Mullane v. Cen. Hanover Bank Trust Co. (1950),339 U.S. 306, 314.
[3] Williams at 10.
[4] State Farm Mut. Auto Ins. Co. v. Peller (1989), 63 Ohio App.3d 357,361, citing Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166.
[5] GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
[6] Id.
[7] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[8] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.