OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Randolph L. Crago, appeals from a final judgment of the Portage County Court of Common Pleas granting appellee, Charles Prichard, a stalking civil protection order. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 7, 2002, appellee filed a petition pursuant to R.C. 2903.214 requesting a stalking civil protection order against appellant. Following an ex parte hearing, a magistrate granted appellee a temporary protection order and set the matter for a full hearing on February 19, 2002.
 {¶ 3} Appellant subsequently filed a motion asking the magistrate to continue the February 19, 2002 hearing. The magistrate granted appellant's motion and rescheduled the hearing for February 28, 2002. On the scheduled day of the hearing, however, appellant filed a second request for a continuance because his attorney was on vacation. Once again, the magistrate granted the request and set the new hearing date for March 8, 2002. The magistrate also directed the clerk of courts to "serve upon all parties notice of this order and its date of entry upon the journal in accordance with Civ.R. 53(C)(3)(e), in the manner provided in Civ.R. 58(B)."
 {¶ 4} The hearing took place as scheduled on March 8, 2002. Although appellee was present and testified at the hearing, neither appellant nor his attorney appeared. After considering the evidence, the magistrate issued a decision recommending that the trial court grant appellee a stalking civil protection order.
 {¶ 5} Appellant filed his objections to the magistrate's decision on March 13, 2002. Among his objections, appellant claimed that he was not present at the hearing because he had never received notification of the new date as his attorney "was on vacation[.]" Appellant also included with his objections a request for a hearing.
 {¶ 6} The trial court scheduled a hearing for April 26, 2002. On June 13, 2002, the trial court issued a judgment entry overruling appellant's objections and adopting the magistrate's decision in its entirety.
 {¶ 7} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the magistrate failed to give him notice of the rescheduled March 8, 2002 hearing. Accordingly, appellant contends that because he never received notice of the hearing, he was not given the opportunity to present evidence on his behalf.
 {¶ 8} The record demonstrates that the trial court scheduled and held a hearing on appellant's objections. Without a transcript of that hearing to demonstrate, based on the evidence presented at the hearing, that the trial court erred in its decision, this court must presume that the trial court did not err. Natl. City Bank, N.E. v. Beyer,89 Ohio St.3d 152, 160, 2000-Ohio-126 (holding that absent evidence to the contrary, "an appellate court must presume the regularity of the trial court's proceedings and judgment.").
 {¶ 9} Moreover, notice of a hearing date does not require the same service as Civ.R. 58(B) demands for final judgments. Instead, Civ.R. 5(B) governs this type of communication. It states:
 {¶ 10} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. `Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission."
 {¶ 11} "[N]otice of a proceeding must be given in a manner reasonably calculated to give the party an opportunity to be heard in the matter." Nalbach v. Cacioppo (Jan. 11, 2002), 11th Dist. No. 2001-T-0062, 2002 WL 32704, at 4. However, when a trial court is required to provide notice of a hearing to the parties, the Supreme Court of Ohio has concluded that "there is more than one way to satisfy the requirement of a reasonable notice[.]" Id., citing Ohio Valley Radiology Assoc.,Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124. As a result, "the determination of whether a certain form of notice violates due process must be made on a case-by-case basis." Nalbach at 4.
 {¶ 12} In Ohio Valley Radiology, the Supreme Court observed that "Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." Id. at 124. From this holding, other courts in this state have held that "the mailing of a hearing notice is sufficient if the notice is sent to the proper person and in a timely manner." Nalbach at 5.
 {¶ 13} Here, the docket shows that on February 28, 2002, an entry was made indicating that the magistrate had rescheduled the hearing on appellee's petition for a stalking civil protection order for March 8, 2002. Moreover, although the magistrate was not required to provide any further notice with respect to the rescheduled hearing, the docket contains another entry indicating that on March 4, 2002, the clerk of courts served notice of the magistrate's decision on appellant's attorney by ordinary mail. More importantly, in his appellate brief appellant concedes that the clerk also placed a copy of the decision in his attorney's notice box at the Portage County courthouse.
 {¶ 14} Nevertheless, appellant argues (in both his objections and in his appellate brief) that his attorney never received a copy of the decision until the actual day of the hearing because he and his staff were on vacation. As a result of this, appellant claims that his attorney was unable to timely notify him of the new hearing date.
 {¶ 15} Even assuming that appellant's attorney never received the magistrate's decision, there is no question that notice of the decision was served in accordance with Civ.R. 5.[1] Additionally, because appellant was represented by counsel, Civ.R. 5(B) required that the clerk of courts serve his attorney unless otherwise ordered by the court. "Counsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken." Swander Ditch Landowners' Assn. v. Joint Bd. ofHuron and Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131, syllabus. Therefore, the fact that appellant did not receive personal service of the judgment entry is immaterial as it was unnecessary.
 {¶ 16} Knowing that he had filed a motion to continue the February 28, 2002 hearing, and due to the nature of the case, appellant's attorney was obligated to keep himself informed of the situation. Swaney v.Swaney (Aug. 4, 2000), 11th Dist. No. 99-G-2243, 2000 WL 1121803, at 4. See, also, State Farm Mut. Auto. Ins. Co. v. Peller (1989),63 Ohio App.3d 357, 361 (holding that parties are expected to keep themselves informed of the progress of their case). "Where a hearing date is journalized and included in the court's docket, as was the case here, constructive notice has been given to the parties." State v. Smith (Mar. 29, 1996), 11th Dist. No. 95-T-5309, 1996 WL 210778, at 5. Furthermore, the failure to make adequate arrangements for mail coverage during a vacation absence does not qualify as excusable neglect.
 {¶ 17} Pursuant to the foregoing analysis, appellant has failed to demonstrate his claim of error and his sole assignment of error is without merit. The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] Appellant did not attach an affidavit from either him or his attorney with his objections. As a result, because there is also no transcript, we have no way of determining the accuracy of appellant's statements.