Day, J.
 

 The case revolves around the question whether the plaintiff has waived, or is by his conduct estopped from denying that he has waived, his rights under that part of Section 486-176, General Code, which reads:
 

 “Whenever it becomes necessary in a police or fire department, through lack of work or funds or for causes other than those outlined in Section 486-17» of the General Code, to reduce the force in such department, the youngest employee in point of service shall be first laid off.”
 

 The record discloses that at the meeting of firemen referred to in the statement of facts, Mr. H. H. Emmons, who was the director of public safety of the city of Canton, announced, at the conclusion of his
 
 *133
 
 address: “Now after I have explained this to you gentlemen, if any of you feel that isn’t fair and don’t want to go along with us on this proposition I would like for you here perfectly to so state so we may know your views about this matter.” Neither the plaintiff, nor anyone else attending the meeting, arose to express an opinion concerning the director’s plan temporarily to lay off firemen in a manner different from that prescribed by Section 486-T7&, General Code, quoted above. It is not without significance that notwithstanding the statement of the safety director that the proposed temporary arrangement would obviate the necessity of the reduction of salaries, an ordinance was enacted July 25, 1932, making the very reduction of salaries it was promised would not be made.
 

 Did plaintiff’s silence constitute a waiver of his rights under the statute?
 

 The rule is that mere silence does not amount to a waiver where one is not under a duty to speak. 40 Ohio Jurisprudence, 1239, Section 5, citing
 
 List & Son Co.
 
 v.
 
 Chase,
 
 80 Ohio St., 42, 88 N. E., 120, 17 Ann. Cas., 61. Was plaintiff under any legal duty to speak in order to protect and preserve his legal rights under the statute?
 

 Before silence will be construed as a waiver of rights expressly conferred by statute, the duty to speak must be imperative, and the silence must clearly indicate an intent to waive, or be maintained under such circumstances that equity will impute thereto such intent. Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom.
 

 In the instant case, the statement made by the director of public safety amounted to no more than an invitation for an expression of opinion by those who disagreed with his proposal. Silence, under the circumstances, may have been due to any one of a number of considerations, such as sheer timidity, deference to a
 
 *134
 
 superior officer, indecision and the like. The silence was not so clearly indicative of assent as to justify the defendant in the belief that by their silence the firemen waived their rights under the statute, or to justify reliance upon such belief. If the defendant was at all misled, it was misled, not by plaintiff’s silence, but by its own misinterpretation of his silence.
 

 A right conferred by statute upon a classified civil service employee need not constantly be asserted in order to be preserved. "While it is true that a civil service employee may waive any right he has as such, in order to establish a waiver the evidence must be sufficient to warrant a court in saying that his intent to waive is unmistakable. In our opinion, under the circumstances disclosed in the record, such intent cannot be attributed to plaintiff’s silence, which, as said above, is more consistent with indecision than it is with an intent to waive. Such silence will not work an estoppel.
 

 The doctrine of estoppel
 
 in pais
 
 must be strictly applied (19 "American Jurisprudence, 643, Section 43) and will not be deemed to arise from facts which are ambiguous and subject to more than one construction.
 
 Hall et al., Trustees,
 
 v.
 
 Henderson,
 
 126 Ala., 449, 490, 28 So., 531, 61 L. R. A., 621, 85 Am. St. Rep., 53.
 

 The record discloses that the pay roll ledger for the year 1932 showed, on line 77, the plaintiff’s name, followed by the words
 
 11
 
 off without pay from April 2 to 17,” followed by the signature of the plaintiff; that for the first half of August of the same year, the words “off without pay from July 31 to August 15” followed plaintiff’s name, which were in turn followed by plaintiff’s signature; and that, in the latter case, the words “off without pay” were stamped on the ledger before the plaintiff affixed his signature.
 

 Defendant contends, in substance, that the conduct of plaintiff in accepting checks for lesser amounts than due, without protest, and signing his name next to the
 
 *135
 
 words ‘ ‘ off without pay, ’ ’ was evidentiary of an intent to waive his right to his salary for the periods of his lay-offs.
 

 We do not consider this contention as tenable. The words “off without pay” were those of the defendant. Had it been defendant’s intention to effect a waiver of the right to the unpaid portion of the fixed salary, words expressive of that intent could have been used..
 

 This case is unlike that of
 
 State, ex rel. Hess,
 
 v.
 
 City of Akron,
 
 132 Ohio St., 305, 7 N. E. (2d), 411. In that case, the plaintiff accepted a reduction in pay and signed a pay roll sheet “56 successive times,” which recited “am’t due” or “received pay in full to date,” clearly indicating that the amount received was the amount due and was received in full payment.
 

 In the instant case, the words “off without pay” can in no manner be construed as meaning “amount due” or “received pay in full to date.” Consequently, the
 
 Hess case
 
 is not here applicable.
 

 The signing of a pay roll ledger by a civil service employee next to the words “off without pay” does not, in and of itself, constitute a waiver of his right to claim the unpaid salary for the periods covered by such lay-offs.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.