KING, APPELLEE, *v.* KING, APPELLANT.

[Cite as King v. King (1977), 55 Ohio App. 2d 43.]

(No. 8457—Decided August 31, 1977.)

*Mr. Robert W. Blakemore* and *Mr. Timothy A. Shimko,* for appellee.
*Mr. G. Michael Simmon,* for appellant.

MAHONEY, P. J. This is an appeal from a judgment of the Court of Common Pleas granting the appellee wife, Cheryl F. King, an uncontested divorce.

On October 15, 1976, the wife filed a complaint for divorce. A hearing was held on October 22 and the court made temporary orders to govern the parties *pendente lite.* The husband participated but did not have an attorney.

Trial on the merits was set for February 8, 1977. The defendant husband, Gerald A. King, was not represented by counsel. He learned of a hearing date through a letter

dated January 27, 1977, addressed to him at his place of employment and sent by his wife's attorney. The letter stated, "* * * a hearing on the above matter is scheduled for Tuesday, February 8, 1977, at 1:15 P. M. in the Domestic Relations Court, Summit County Courthouse; please be there at that time." The husband admits that he received this letter. However, the husband failed to answer the complaint or appear at the trial, which was held as scheduled.

The husband then secured the services of an attorney who filed an answer on February 14, 1977. The answer was out of rule and without leave of court. On March 7, the court entered a judgment granting the wife a divorce and additional relief, including custody of their two minor children.

The appellant husband's sole assignment of error is that the letter sent to him by his wife's counsel failed to meet the requirements of Civ. R. 75(L). He argues that the trial court erred in relying on this letter and proceeding with the trial. We concur and reverse the judgment of the trial court.

Civ. R. 75(L)* provides:

"In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."

It is clear that this rule mandates that the *court* shall give the adverse party notice of the trial. Compliance with this rule is not achieved through the informal notice procedure that occurred in this case. The husband was not under any duty to appear in response to a notice from his wife's attorney. He did not lose his right to notice under Civ. R. 75(L). As a consequence, the trial court

---

*Subsection (E) of Civ. R. 75 was abrogated, effective July 1, 1977, and all subsequent subsections were relettered accordingly. Civ. R. 75(L) became Civ. R. 75(K).

committed reversible error by entering a judgment without proper notice to the husband.

The purpose of Civ. R. 75(G) and (L) was to prevent or reduce the number of divorces which are granted without the court hearing the merits from both sides. Additionally, it tends to prevent fraud by one party upon the other. The integrity of the system requires that the court send out the notices for trial upon the merits.

The record does not contain any order of the court designating counsel to serve the notice, nor has the appellee cited any local rule of court authorizing such service. However, we hasten to point out that we are not ruling on whether a designation or a local rule is proper or sufficient compliance with Civ. R. 75(L).

Accordingly, we sustain the appellant's assignment of error and reverse the judgment and remand this cause for further proceedings according to law.

*Judgment reversed.*

BELL and DOYLE, JJ., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.