DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Howard and Esther Martin, appeal the judgment of the Wayne County Common Pleas Court granting appellee, Randy Wengerd, specific performance on the parties' option contract. We reverse and remand.
The facts of this case are not in dispute. On May 1, 1993, the Martins executed a four-year agreement to lease twenty-five of their two-hundred-fifty acres to Wengerd. Under the terms of the contract, Wengerd was to use the property "to conduct a general purpose dairy farm." He was to conduct this dairy farm "continuously" and to use the property "for no other purpose whatsoever." The lease also contained an option for Wengerd to purchase any or all of the acreage after November 30, 1996. It provided that if Wengerd failed to abide by any term of the lease within thirty days after written notice of default, the Martins would thereby acquire the right to terminate the lease agreement and revoke Wengerd's option to purchase. The lease further indicated that Wengerd's option to purchase would be exercisable "provided that Wengerd is not in default under this Agreement and/or that this Agreement has not been terminated due to any default by Wengerd."
Under the above terms, Wengerd purchased the Martins' dairy herd and milking equipment and began to operate a dairy farm on the premises. However, on June 15, 1996, Wengerd sold the herd and all milk production and sales ceased. On September 23, 1996, the Martins provided Wengerd written notice that he was in default of the use and occupancy term of the lease. This notice was followed by a notice of default on November 1, 1996, and a notice to leave the premises on December 9, 1996. Meanwhile, on November 27, 1996, Wengerd notified the Martins that he intended to exercise his option to purchase. The Martins refused to honor this option.
On December 12, 1996, Wengerd filed a complaint for specific performance in the lower court. Following a bench trial, the lower court found that Wengerd had failed to conduct a general purpose dairy farm after the herd was sold in June 1996. Nevertheless, the court concluded that Wengerd had "substantially performed his part of the contract" and that his failure to operate the dairy farm between June 15, 1996 and November 27, 1996, was only "a slight deviation and [did] not constitute a breach of contract." The court thereafter rendered judgment in favor of Wengerd. The Martins appeal, raising four assignments of error. Because their first three assignments all essentially argue the court erred in finding Wengerd had substantially performed the contract and in ordering the Martins to honor the purchase option, we will address them together.
While the definition of "substantial performance" of a contract does not lend itself to precision, Ohio courts have dealt with and applied the concept for over a century. As early as 1922 the Ohio Supreme Court explained: "The long and uniformly settled rule as to contracts requires only a substantial performance in order to recover upon such contract. Merely nominal, trifling, or technical departures are not sufficient to breach the contract."Ohio Farmers Ins. Co. v. Cochran (1922), 104 Ohio St. 427, paragraph two of the syllabus. However, "[f]or the doctrine of substantial performance to apply, the part unperformed must not destroy the value or purpose of the contract," Wyandot Realty Co.,Inc. v. Merchandise Wholesalers, Inc. (Aug. 12, 1981), Montgomery App. No. 7166, unreported, and application of the doctrine of substantial performance should be "confined to very narrow limits, and to the cases where there has been an honest effort to perform." Ashley v. Henahan (1897), 56 Ohio St. 559, 569. While "`slight omissions and inadvertences'" should be "`indulgently regarded, * * * there can be no injustice in imputing * * * a knowledge of what [a] contract requires.'" Id. at 568, quotingSmith v. Brady (1858), 17 N.Y. 173, 190.
The terms of the lease agreement and option contract in this case are unambiguous. In the lease agreement, Wengerd covenanted to continuously use the property as a general purpose dairy farm and for no other purpose. Failure to cure a default of this or any other term, following a thirty-day notice, gave the Martins the right to cancel the lease and revoke the option. Wengerd could exercise the purchase option only if he was not in default under the terms of the lease. Clearly, as the lower court found, Wengerd was in default at the time he attempted to exercise his option, despite notice provided by the Martins. The only question remaining is whether, despite such default, Wengerd substantially performed his part of the contract.
"When the facts presented are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court." Luntz v. Stern (1939), 135 Ohio St. 225, paragraph five of the syllabus; see, also, Rach v.Higgins (Apr. 18, 1991), Highland App. No. 749, unreported;Hi-Point Video Distribs. v. Beck's IGA (June 21, 1989), Logan App. No. 8-87-1, unreported. "[W]hile a reviewing court will defer to the trial court's judgment as to credibility of witnesses, the finding of an error of law is legitimate grounds for reversal." Russell v. Ohio Outdoor Advertising Corp. (Aug. 1, 1997), Erie App. No. E-96-078, unreported, citing Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 79-80.
In this case, Wengerd agreed to operate a general purpose dairy farm on the Martins' property during the lease term, beginning May 1, 1993, for four years or until he exercised his option to purchase sometime after November 30, 1996. This, then, required the dairy farm to be in operation for a minimum of forty-three months. Wengerd breached this covenant beginning mid-June 1996, leaving five-and-one-half months where he failed to comply. Neither party has suggested that this use and occupancy term was an immaterial part of the agreed exchange. Further, Wengerd does not, and most likely could not, argue that the sale of the entire milking herd was an unintentional, inadvertent event. See Ehrhardt v. Hamilton Fan Blower Co. (Mar. 19, 1986), Hamilton App. Nos. C-850265 and C-850266, unreported. We therefore cannot find his actions consistent with "an honest effort * * * to perform," as required by Ashley, supra at paragraph one of the syllabus, particularly considering he received notice of his default and still failed to take curative steps.
Wengerd argues that because he sold the milking herd on June 15, 1996, and the Martins did not notify him that they considered him in default until September 23, 1996, this three month delay constituted a waiver of the requirement. We disagree. "A waiver is a voluntary relinquishment of a known right. * * * Mere silence will not amount to waiver where one is not bound to speak." List Son Co. v. Chase (1909), 80 Ohio St. 42, 49.
Before silence will be construed as a waiver of rights, the duty to speak must be imperative, and the silence must clearly indicate an intent to waive or [it must] be maintained under such circumstances that equity will impute thereto such intent. Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom. Shaver v. Priore (Aug. 7, 1997), Cuyahoga App. No. 71298, unreported, quoting Allenbaugh v. Canton (1940),137 Ohio St. 128, 133. In this case, the Martins' silence could be attributed to a number of things such as timidity, deference to their tenant, or indecision. See Allenbaugh, supra at 133-134. There is no evidence to suggest that the Martins' three month delay was necessarily a voluntary relinquishment of a material term of their agreement. For this reason, their actions cannot be interpreted as a waiver.
If a party to a contract "`fails to perform when the requirement is plain, and when he can perform if he will, he has no right to call upon the courts to make a new contract for him; nor ought he to complain if the law leaves him without a remedy.'"O.F. Mehurin Son v. Stone (1881), 37 Ohio St. 49, 57, quotingSmith, supra. In this case, it was the right of the Martins to explicitly stipulate in the lease the use to which their property was to be put. This they did. Nevertheless, Wengerd ceased to comply with this term of the contract for over five months of the forty-three month covenant. Such a departure is not trivial, trifling or slight. We find, as a matter of law, that Wengerd did not substantially comply with the terms of the lease agreement. For this reason, we find that Wengerd had no option to exercise and that the lower court erred in ordering specific performance by the Martins.
In their fourth and final assignment of error, the Martins claim the court erred in dismissing their counterclaim for restitution and for rent beginning December 1996 when, due to the dispute involved herein, the Martins began refusing to accept Wengerd's rent payments although he remained on the property. Wengerd did not respond to this argument on appeal. Given our reversal of the court's order, we find this error well taken and remand these issues to the trial court for determination. The judgment of the lower court ordering specific performance is reversed and the cause remanded for further consideration.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR