OPINION
Plaintiff-appellant John A. Goodin appeals from the January 11, 1999, Judgment Entry of the Licking County Court of Common Pleas granting defendants-appellees' Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
Appellant is the owner of an eight (8) unit strip center located in the Village of Buckeye Lake, Ohio. At all relevant times, appellant has operated an 89 seat bar known as City Limits in one of the eight units while renting out the other units. The subject property is located within the Buckeye Lake Sewer System, which is a cooperative enterprise established by Licking, Fairfield and Perry Counties for wastewater collection and treatment. The sewer system is operated, maintained and administered by the Licking County Water and Wastewater Department. The operations of the sewer district are governed by a manual entitled "Sewer Use Regulation and User Charge System". Pursuant to Division B, parts 2 and 3 of the Sewer District Regulations, an individual cannot connect any building, directly or indirectly, to the sewage disposal system without obtaining a permit. Before a permit is issued, the property owner must pay a one time capacity charge pursuant to Division B, Part 3 of the Sewer District Regulations. Thereafter, the property owner pays a monthly user fee. See Sewer District Regulations, Division C. On March 28, 1996, appellant paid $100.00 for a permit so that his strip center could tap into the sanitary sewer system. Appellant also paid $14,560.00 to the Licking County Water and Wastewater Department as a capacity charge for the strip center located in the Village of Buckeye Lake. The parties agree that at the time appellant paid the capacity charge, he verbally complained to the Director of the Licking County Water and Wastewater Department that such charge was excessive and incorrectly calculated. Thereafter, on February 21, 1997, the Director of the Licking County Water and Wastewater Department determined that appellant had been overcharged for the capacity charge. For such reason, Denise L. Crews, the Sanitary Engineer for the Licking County Water and Wastewater Department, sent a memo dated February 27, 1997, to the Licking County Auditor stating in part, as follows: "As such we have overcharged Mr. Goodin [appellant] for Capacity Charges and need to issue a refund for the difference between the $14,760.00 he paid and the $3,500.00 that he actually owed. A difference of $11,260.00."
A memorandum dated March 27, 1997, was addressed to the Auditor from the Licking County Commissioners stating as follows: "We are in receipt of a memo from David Wigginton, Assistant Prosecutor, regarding the refund of capacity charges to Mr. Jack Goodin. We have reviewed this situation at length with Denise Crews, and are comfortable with our decision to base our capacity charges on the alternative flow system rather than the EDU Schedule." The memorandum directed the Auditor to "return Mr. Goodin (appellant] a refund of capacity charge in the amount of $11,760.00." After the Auditor refused to refund any money to appellant, appellant, on April 21, 1998, filed a Complaint against Licking County and the Licking County Auditor. A joint answer was filed by appellees on May 15, 1998. An Amended Complaint adding James Patterson, the previous owner of City Limits, was filed on July 10, 1998. Thereafter, appellees filed an answer to the amended complaint on July 15, 1998. Appellees, with leave of court, filed an amended answer on October 22, 1998, asserting the affirmative defense of failure to exhaust administrative remedies. Service was never obtained on James Patterson. A Motion for Summary Judgment was filed by appellees on December 1, 1998, to which appellant responded on December 21, 1998. Thereafter, a response brief was filed by appellees on December 23, 1998. Pursuant to a Judgment Entry filed on January 11, 1999, the trial court granted appellees' Motion for Summary Judgment finding that, due to appellant's failure to exhaust the available administrative remedies prior to filing suit, the trial court lacked jurisdiction to hear the matter. It is from the January 11, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
THE LOWER COURT ERRED IN HOLDING THAT APPELLANT HAD FAILED TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO INSTITUTING THIS CIVIL SUIT.
 I
Appellant, in his sole assignment of error, maintains that the trial court erred in granting appellees' Motion for Summary Judgment since appellant has fully complied with the grievance and appeals section of the Sewer District Regulations. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. Division E, Part 2 of the Sewer District Regulations outlines the procedures for grievances and appeals. Such section states as follows: (1) Any user aggreived [sic] by a decision of the authorithy [sic] under this regulation may file a written grievance with the Sanitary Engineer or other designated representative. The written grievance shall set forth the substance of the Authority's decision and the basis of the user's complaint.
(2) The Sanitary Engineer or other designated reprsentativbe [sic] shall investigate the greivance [sic] and issue a written determination. The determination should include the following:
(a) Name, address and location of the premises of the user; (b) A summary of the user's claim; (c) A summary of the facts revealed by the Authority's investigation; (d) An interpretation of any applicable regulation, law or policy, (e) A notice of the user's right of appeal to the Licking County Board of Commissioners (f) A copy of this greivance [sic] appeal procedure. (3) The written decision of the Sanitary Engineer of the Authority shall become final unless the user files a written appeal of the decision with the clerk of the Licking County Board of Commissioners within 15 days of the mailing of the Authority's decision. (Under Intergovernmental agreements dated May 15, 1985, Licking County acts as agent of the counties of Fairfield and Perry in the maintenance and operation of the sewage disposal system.) (4) At the request of the user or in the discretion of Licking County Commissioners a hearing before the Board shall be scheduled, ususlly [sic] within 30 days. At the discretion of the Licking County Board of Commissioners, the Board of Fairfield or Perry County Commissioners may be invited to participate in the hearing if the appeal involves a user from such counties, however, the decision shall be rendered by the Licking County Board of Commissioners. At the request of the user or in the discretion of the Board, the hearing may be conducted informally or formally as a recorded administrative hearing. A formal hearing includes the following: (a) A record of the testimony and arguments; (b) The right of the Authority and user to call witnesses by process; (c) The right to compel the attendance of witnesses by process; (d) The right of cross-examination; (e) The right of a written determination. (5) Upon completion of its investigation or hearing, the Board of Licking County Commissioners shall issue a written determination of the appeal. The Board's decision will constitute the final administrative action. (6) No legal action in the courts of the state or federal government shall be initiated by any user until completion of this exclusive administrative remedy.
There is no dispute in the case sub judice that appellant lodged an oral grievance with the Director of the Licking County Water and Waste Water Department when he paid the sum of $14,560.00 for a capacity charge, that the Sanitary Engineer determined that appellant had been overcharged in the amount of $11,760.00, and that the Licking County Commissioners determined that appellant was entitled to a refund of such amount. Despite the foregoing, appellees maintain that since appellant failed to file a written grievance and therefore, to "engage the grievance procedure which would have provided an administrative forum for possible resolution of this dispute," he failed to exhaust his administrative remedies. Appellees further emphasize that there are no "written decisions" issued by the Sanitary Engineer or the Licking County Board of Commissioners establishing that appellant followed the administrative appeal process available to him under the sewer regulations. However, this court finds that appellees, through their actions, have waived their right to demand that appellant strictly comply with the mandates of the grievance procedure set out in the Sewer District Regulations. A waiver is defined as an intentional relinquishment of a known right. See Allenbough v. City of Canton (1940), 137 Ohio St. 128. Acting on appellant's oral grievance, the Sanitary Engineer investigated appellant's complaint and determined that appellant was overcharged for capacity charges and was entitled to a refund. Thereafter, the Licking County Commissioners, directed the Auditor to refund part of appellant's capacity charge. Although appellees correctly note that the sewer regulations require a written grievance, the proper time for objecting to appellant's oral grievance and demanding a written grievance was when appellant first complained to the Sanitary Engineer. The Sanitary Engineer and the Board of Commissioners, through their actions in investigating appellant's grievance, having the prosecutor research the issue of a refund of capacity charges to appellant and directing the Auditor to issue a refund to appellant, have intentionally relinquished their right now to demand that appellant strictly comply with the grievance procedure set out in the sewer regulations. For such reasons, we find that the trial court erred in granting appellees' Motion for Summary Judgment. Appellant's sole assignment of error is sustained.
The Judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
By Edwards, J. Gwin, P.J. and Hoffman, J. concur