DECISION
Defendant-appellant, Scottie A. Newsom, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted plaintiff-appellee, Darlene D. Newsom, a divorce from defendant and distributed the parties' property.
Defendant and plaintiff married on August 14, 1992 in Columbus, Ohio. They have two children that were born prior to the parties' marriage.
On July 21, 1998, plaintiff filed a complaint for divorce. The litigation followed a somewhat tortured path that caused delay in resolving the ultimate issues. During the course of litigation, multiple continuances were granted. In addition, plaintiff filed several motions for contempt that she later withdrew, as well as a motion for sanctions pursuant to Civ.R. 37 that was sustained by a magistrate's order. Defendant filed, and later withdrew, a motion for contempt and objections to a magistrate's order. During the course of litigation, by separate magistrate's orders, the trial court appointed a guardian ad litem for the parties' children and ordered the parties to undergo a psychological evaluation. Also, during the course of litigation, defendant filed for bankruptcy under Chapter 13 of the Bankruptcy Code.
On May 15, 2001, the trial court filed a judgment entry granting plaintiff's request for divorce on the basis of incompatibility, awarding separate property, and distributing marital property. Defendant appeals, assigning a single error:
 That the Trial Court failed to make a finding of fact, evaluation of the marital assets, and a determination of what was the marital estate, as required by Ohio Revised Code Section 3105.171.
Chapter 3105 of the Ohio Revised Code concerns divorce, legal separation, annulment and dissolution of marriage. Former R.C. 3105.171
("R.C. 3105.171"), amended since the filing of plaintiff's complaint on matters not pertinent to this appeal, governs the division of marital property and separate property.
R.C. 3105.171(B) requires that "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." Moreover, R.C.3105.171(G) requires that "[i]n any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'" See, also, R.C. 3105.171(F) (factors a court shall consider when making a division of marital property); Casper v. DeFrancisco (Feb. 19, 2002), Franklin App. No. 01AP-604, unreported.
Accordingly, pursuant to R.C. 3105.171(B), (F) and (G), when dividing marital property, a court shall (1) equitably divide marital property between the spouses using factors specified in R.C. 3105.171(F), (2) make written findings of fact that support the determination that marital property was equitably divided, and (3) specify the dates it used in determining the meaning of "during the marriage."
In Casper, citing to Eisler v. Eisler (1985), 24 Ohio App.3d 151,152, this court noted that "* * * in order to make an equitable division of property, the trial court should first determine the value of marital assets." See, also, Gottlieb v. Gottlieb (Mar. 19, 1991), Franklin App. No. 90AP-1131, unreported ("In order for an appellate court to make a proper review of a trial court's property division, each asset must be assigned a value"); Bushman v. Bushman (Mar. 31, 1989), Geauga App. No. 1442, unreported ("[W]e remain convinced that it is necessary for a trial court to arrive at a conclusion regarding support and property matters that is supported by valuations specified or incorporated in an appropriate judgment entry. To accept less would render appellate review meaningless"). Moreover, a trial court does not have discretion to omit valuation altogether. See Casper, supra, quoting Willis v. Willis (1984), 19 Ohio App.3d 45, 48 ("While the trial court has broad discretion to determine the value of marital property, the court `is not privileged to omit valuation altogether'").
Here, the trial court determined the duration of the marriage as required by R.C. 3105.171(G). However, despite distributing the marital property, the trial court failed to make written findings of fact that supported an equitable division of the marital property as required by R.C. 3105.171(G). In addition, in its judgment entry, the trial court also failed to provide any valuation of the marital property. Because the trial court failed to make written findings of fact that supported an equitable division of the marital property and failed to provide any valuation for the marital property, we are unable to determine whether the trial court inequitably distributed the marital property, and specifically, whether the trial court erred in awarding plaintiff a one-third interest in the equity of the marital residence, as defendant contends. See Gottlieb; Eisler; Bushman; supra. Although a trial court should determine the value of marital assets and make written findings of fact pursuant to R.C. 3105.171(G), a waiver of the provisions of R.C.3105.171 is permitted. Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794,799. However, in Pawlowski, this court cautioned that before an implied waiver of the rights under R.C. 3105.171 may be found, the parties should have reached complete settlement after disclosure of all existing assets had been made. Id.
"As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." Sanitary Commercial Services, Inc. v. Shank (1991), 57 Ohio St.3d 178, 180, quoting State ex rel. Hess v. Akron (1937), 132 Ohio St. 305, 307. "A waiver is a voluntary relinquishment of a known right, with the intent to do so with full knowledge of all the facts." N. Omsted v. Eliza Jennings, Inc. (1993), 91 Ohio App.3d 173,180. Moreover, "[a] party may voluntarily relinquish a known right through words or by conduct." Id. Mere silence, however, does not amount to waiver where a party is not under a duty to speak. Allenbaugh v. Canton (1940), 137 Ohio St. 128, 133. "Before silence will be construed as a waiver of rights expressly conferred by statute, the duty to speak must be imperative, and the silence must clearly indicate an intent to waive, or be maintained under such circumstances that equity will impute thereto such intent. Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom." Id.
Here, the record does not contain any express or implied waiver of rights by the parties under R.C. 3105.171. On the contrary, item 7 of a handwritten memorandum of agreement filed on November 22, 2000, expressly states "[t]hat this agreement is not dispositive of final property division." As a consequence, the evidence in the record does not support any waiver of rights under R.C. 3105.171.
Because (1) the trial court failed to make written findings of fact that support a determination that the marital property was equitably divided as required by R.C. 3105.171(G), and (2) the parties did not waive any rights under R.C. 3105.171, defendant's assignment of error is sustained, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this decision.
Judgment reversed and case remanded.
LAZARUS and PETREE, JJ., concur.