OPINION
{¶ 1} Defendant, Jerome C. Hightower, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted plaintiff, Evelyn J. Hightower, a divorce from defendant, distributed the parties' property, awarded spousal support to plaintiff, and ordered defendant to pay plaintiff's attorney fees. Defendant advances a single assignment of error as follows:
{¶ 2} "The trial court failed to value the assets and liabilities, failed to make any findings of fact as to valuation of the marital estates, failed to make any findings of fact regarding separate property; failed to consider and apply the statutory criteria of O.R.C. § 3105.171 and O.R.C. § 3705.18, failed to equitably divide the marital property all of which constitutes an abuse of discretion by the trial court."
{¶ 3} Defendant and plaintiff were married on December 11, 1976, and separated in May 1994. No children were born as issue of the marriage.
{¶ 4} On February 28, 2001, plaintiff filed a complaint for divorce and therein requested spousal support, attorney fees, and an equitable division of all marital and separate property. Along with her complaint, plaintiff filed a motion for temporary orders. The trial court scheduled a hearing on the temporary orders motion for May 21, 2001.
{¶ 5} On March 29, 2001, defendant was personally served with a copy of the summons, complaint and other related documents, including notice of the temporary orders hearing. Defendant did not file an answer to plaintiff's complaint.
{¶ 6} On May 17, 2001, plaintiff requested a trial date for uncontested divorce. The trial court granted plaintiff's request and scheduled a trial on the merits for July 17, 2001.
{¶ 7} Defendant, plaintiff and plaintiff's attorney appeared for the temporary orders hearing on May 21, 2001. On that day, at defendant's request, the magistrate continued the hearing to June 11, 2001, so that defendant could obtain counsel. Defendant never obtained counsel and proceeded pro se. Both parties submitted financial information pertinent to the temporary orders hearing by June 11, 2001. On June 20, 2001, the magistrate issued temporary orders.
{¶ 8} Defendant did not appear for the July 17, 2001 trial. Accordingly, on plaintiff's motion, the trial court continued the trial to September 12, 2001, so that plaintiff could obtain additional information.
{¶ 9} On September 11, 2001, plaintiff moved for a continuance of the September 12, 2001 trial date, again to obtain additional information. On September 13, 2001, the trial court granted plaintiff's motion and rescheduled the trial for December 10, 2001.
{¶ 10} Trial was held on plaintiff's complaint for divorce on December 10, 2001. Defendant contends in his brief that no record was made of the trial. Plaintiff does not dispute defendant's contention. On December 10, 2001, the trial court filed a judgment entry-decree of divorce. Therein, the trial court noted that defendant had failed to file a responsive pleading to plaintiff's complaint and had not appeared for the trial. The court awarded plaintiff spousal support of $8,000 per month plus a two percent processing charge for a total of $8,160 per month, ordered a division of the parties' assets and liabilities, and ordered defendant to pay $5,578.58 in attorney fees to plaintiff within thirty days.
{¶ 11} Preliminarily, we will address an issue raised by defendant in his statement of the case. Specifically, defendant states that there is no indication in the record that defendant was ever notified of the final trial date of December 10, 2001. Upon review of the record, we agree with defendant's statement. Although defendant was properly notified of both the July 17, 2001 and September 12, 2001 trial dates, there is no indication that the court notified him of the December 10, 2001 trial date.
{¶ 12} Civ.R. 75(L) provides:
{¶ 13} "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."
{¶ 14} Civ.R. 75(L), which is based upon local rules of many domestic relations courts, is intended to protect pro se parties from missing the final hearing. The 1970 Staff Note to the rule states in pertinent part:
{¶ 15} "* * * The notice of trial is an attempt to give the adverse party who is not represented by counsel one more chance to appear and attend the trial and give evidence if the party in fact wants to appear. It is designed to give notice so that a party will not be divorced without knowing the time of the actual hearing."
{¶ 16} As defendant was unrepresented by counsel, the trial court was required to provide him with notice of the trial upon the merits. No such notice was given. This court has previously determined that the notice provision of Civ.R. 75(L) is mandatory and that a trial court commits reversible error by entering judgment without first providing proper notice. Williams v. Williams (Aug. 10, 1993), Franklin App. No. 93AP-63 (final judgment and decree of divorce vacated due to insufficient notice where notice sent to unrepresented party's former address after court was provided with party's new address). Other courts have reached the same conclusion. Richardson v. Richardson (Sept. 30, 1994), Greene App. No. 94 CA 14 (final judgment and decree of divorce reversed where unrepresented party did not receive notice required by Civ.R. 75[L]); King v. King (1977), 55 Ohio App.2d 43. As noted in King:
{¶ 17} "The purpose of [Civ.R. 75(L)] was to prevent or reduce the number of divorces, which are granted without the court hearing the merits from both sides. Additionally, it tends to prevent fraud by one party upon the other. The integrity of the system requires that the court send out the notices for trial upon the merits." Id. at 45.
{¶ 18} Here, there is nothing in the record to indicate that defendant was provided with notice of the December 10, 2001 trial. As in Williams, Richardson, and King, we must likewise reverse this case for want of an effective Civ.R. 75(L) notice of final hearing.
{¶ 19} We now turn to defendant's assignment of error, wherein he contends that the trial court erred in failing to value the parties' assets and liabilities, in failing to make written findings of fact supporting its division of marital property as required by R.C.3105.171(G), and in failing to consider the statutory criteria of R.C.3105.171(F) and 3105.18 in dividing the marital property and awarding spousal support, respectively.
{¶ 20} This court employs an abuse of discretion standard when reviewing a trial court's decision in a domestic relations action. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The term "abuse of discretion" connotes more than an error of law or judgment; it indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, the trial court's judgment may not be disturbed on appeal. Id. at 218.
{¶ 21} "In divorce proceedings, the [trial] court shall * * * determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). A trial court has broad discretion in establishing an equitable division of marital property. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401. However, in making a division of marital property, a trial court must consider all factors enumerated in R.C. 3105.171(F). Casper v. DeFrancisco (Feb. 19, 2002), Franklin App. No. 01AP-604. An exhaustive itemization of every factor is unnecessary; however, the court's decision must clearly indicate that the factors were considered before the property division was made. Id. A trial court's failure to consider the R.C. 3105.171(F) factors when making a division of marital property constitutes an abuse of discretion. Id.
{¶ 22} In addition, in order to make an equitable division of property, a trial court should first determine the value of marital assets. Id., citing Eisler v. Eisler (1985), 24 Ohio App.3d 151, 152. Although a trial court has broad discretion to determine the value of marital property, the court "is not privileged to omit valuation altogether." Id., quoting Willis v. Willis (1984), 19 Ohio App.3d 45,48. As a general rule, a trial court's failure to value the marital property constitutes an abuse of discretion. Id.
{¶ 23} In addition to the mandatory consideration of the R.C.3105.171(F) factors and the mandatory valuation of the marital property, a trial court is also required to "make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.' " R.C. 3105.171(G). A trial court's failure to make written findings of fact supporting its division of property constitutes an abuse of discretion. Id.; Newsom v. Newsom (Mar. 21, 2002), Franklin App. No. 01AP-686.
{¶ 24} A trial court also has broad discretion to determine whether to award spousal support. Vanderpool v. Vanderpool (1997),118 Ohio App.3d 876, 879. In determining whether to award spousal support, a trial court must consider the factors enumerated in R.C.3105.18(C). As with its property division, a trial court need not itemize and comment upon each factor; however, there must a clear indication in the court's decision that the factors were considered. Casper, supra.
{¶ 25} In this case, the court determined the duration of the marriage as required by R.C. 3105.171(G). Although the court's decision purports to divide the parties' marital and nonmarital property, it contains no valuation of any of the property, no indication that the court considered the statutory factors set forth in R.C. 3105.171(F) in making its division of property, and no written findings of fact to support the court's property division. Further, the decision contains no indication that the court considered the statutory factors set forth in R.C. 3105.18(C) before awarding spousal support. Plaintiff concedes that the trial court failed to value the marital property or comply with the mandates of R.C. 3105.171(F) and (G) and 3105.18(C). However, plaintiff contends that defendant waived these rights by failing to appear for trial.
{¶ 26} In Newsom, supra, this court discussed the issue of waiver:
{¶ 27} "Although a trial court should determine the value of marital assets and make written findings of fact pursuant to R.C.3105.171(G), a waiver of the provisions of R.C. 3105.171 is permitted. Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071. However, in Pawlowski, this court cautioned that before an implied waiver of the rights under R.C. 3105.171 may be found, the parties should have reached complete settlement after disclosure of all existing assets had been made. Id.
{¶ 28} " `As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.' Sanitary Commerical Services, Inc. v. Shank (1991), 57 Ohio St.3d 178, 180 * * * quoting State ex rel. Hess v. Akron (1937), 132 Ohio St. 305, 307 * * *. `A waiver is a voluntary relinquishment of a known right, with the intent to do so with full knowledge of all the facts.' N. Omsted v. Eliza Jennings, Inc. (1993), 91 Ohio App.3d 173, 180 * * *. Moreover, `[a] party may voluntarily relinquish a known right through words or by conduct.' Id. * * * Mere silence, however, does not amount to waiver where a party is not under a duty to speak. Allenbaugh v. Canton (1940), 137 Ohio St. 128, 133 * * *. `Before silence will be construed as a waiver of rights expressly conferred by statute, the duty to speak must be imperative, and the silence must clearly indicate an intent to waive, or be maintained under such circumstances that equity will impute thereto such intent. Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom.' Id." Id.
{¶ 29} In the record before us, there is no indication that defendant expressly waived his right to have the marital property valued or his statutory rights under R.C. 3105.171 or 3105.18. Although this court can only speculate as to why defendant did not appear at trial and assert his rights, the fact that the record before us establishes that the trial court did not properly notify defendant of the final trial date precludes us from inferring that defendant impliedly waived his rights by failing to attend the trial and assert them.
{¶ 30} Having determined that the trial court failed to value the marital property or comply with the requirements of R.C. 3105.171 and3105.18 and that defendant neither expressly nor impliedly waived these rights, we find the trial court's division of marital property and award of spousal support to be arbitrary and an abuse of discretion. Accordingly, defendant's assignment of error is well-taken.
{¶ 31} At oral argument, counsel for the parties indicated that should this court find in favor of defendant, only that portion of the judgment pertaining to the property division, award of spousal support, and award of attorney fees should be vacated. In short, the parties do not desire to have their divorce vacated. Accordingly, the portion of the trial court's judgment awarding plaintiff a divorce from defendant will remain intact. However, the portion of the judgment relevant to the division of property, award of spousal support, and award of attorney fees will be reversed and remanded. On remand, the trial court shall hold a new trial. If defendant is unrepresented in the proceedings on remand, the trial court must comply with the requirements of Civ.R. 75(L) regarding notice of the trial date. At trial, the trial court must determine the value of the marital property, review the distribution of separate property, and make a division of the marital property. Further, we advise the trial court to provide written findings that demonstrate that the property division is equitable, if not equal, pursuant to R.C. 3105.171(G), and show that it considered the factors set forth in R.C. 3105.171(F). In addition, as part of whatever determination the trial court makes with regard to spousal support, the trial court must demonstrate that it considered the factors set forth in R.C. 3105.18(C). After compliance with the foregoing, the court may award attorney fees in its discretion.
{¶ 32} For the reasons set forth herein, defendant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded with instructions.
TYACK, P.J., and KLATT, J., concur.