OPINION
{¶ 1} Marina Susana Lillian Columbo Jensen ("Marina") appeals from the judgments of the Geauga County Court of Common Pleas overruling her objections and adopting and affirming the magistrate's decision in an uncontested divorce, and denying her motion for a new trial. We reverse and remand. *Page 2 
 {¶ 2} Marina, a psychiatrist and native of Argentina, met William C. Jensen ("William") in Cleveland, Ohio, in 1996. They were married in 1998. Marina was working on various medical board examinations which would allow her to practice psychiatry in the United States. Eventually, Marina was accepted to a residency program in Boston, Massachusetts, commencing in the summer of 2003. Marina moved to Boston, while William remained in Cleveland.
 {¶ 3} September 29, 2004, William filed for divorce. The matter was assigned to the magistrate. Marina was properly served with the complaint and summons by certified mail. She never filed an answer to the complaint. According to William's "Motion to Dismiss Defendant's Objections," he submits that Marina attempted to obtain her own divorce in the state of Massachusetts, even filing a motion with the Massachusetts' court attempting to transfer jurisdiction to that state. However, there is no evidence in the record to support this assertion.[1] Furthermore, there is no evidence in the record which shows that Marina obtained counsel in Massachusetts or filed for divorce there.
 {¶ 4} On November 9, 2004, the record does reflect that the Geauga County Court of Common Pleas received a letter from Marina. In the letter, she states, "[a]s per your conversation with my Massachusetts attorney, Stephen H. Merlin, please consider this letter as a request for a continuance of the hearing scheduled at 1:15 p.m. on November 5, 2004." Again, there is no evidence in the record that the alleged *Page 3 
conversation between Magistrate Mullen and Attorney Merlin actually occurred. Furthermore, there is no affidavit or signed pleading indicating that this is in fact true.
 {¶ 5} November 19, 2004, the magistrate filed a notice that hearing on the uncontested divorce would be held December 17, 2004. Certificates evidencing the mailing of this notice to Marina, personally, and to William's counsel, are in the file, and the trial court's docket notes the order was mailed November 23, 2004. William retained new counsel shortly before the scheduled hearing, and moved for a continuance, which the magistrate granted by an order filed December 30, 2004. Hearing was reset for January 25, 2005. Neither certificates nor any docket entry indicates this order was actually mailed.
 {¶ 6} January 21, 2005, the magistrate filed a notice scheduling hearing for March 14, 2005. Following normal procedure, the names of the parties to be served with the notice were typed in the lower left corner of the document; in this instance they include Marina and her Massachusetts counsel, as well as William's counsel. However, neither certificates of mailing nor any docket entry actually reflects the notice was sent.
 {¶ 7} March 14, 2005, hearing went forward before the magistrate, with only William and his counsel present.[2] March 25, 2005, the magistrate issued his decision granting the divorce, and ordering Marina to pay William $42,000 in spousal support over seven years, for his alleged assistance in her psychiatric training.
 {¶ 8} April 8, 2005, Marina, still pro se, moved the trial court for an extension of time in which to file her objections to the magistrate's decision. The basis of her motion *Page 4 
was that the court reporter required until April 20, 2005 to prepare the transcript of the March 14 hearing. April 12, 2005, the trial court granted Marina's motion, effective until May 20, 2005.
 {¶ 9} May 18, 2005, Marina, now represented by counsel, moved the trial court for a second thirty-day extension of time to file her objections, so her counsel could familiarize himself with the case. May 20, 2005, the trial court granted her until June 8, 2005, to file her objections. William's response was set for June 24, 2005. Marina filed her objections to the magistrate's decision, and a request for rehearing, June 6, 2005. In her objections, she argued: "[t]he court's docket does not reflect whether the notices of the March 14, 2005 hearing was mailed to defendant." June 24, William moved the trial court to dismiss the objections, arguing that Marina still had not filed the transcript of the March 14, 2005 hearing, and that she was attempting to introduce evidence via the objections. July 1, 2005, Marina opposed William's motion to dismiss, and moved to file the transcript of the March 14 hearing, instanter.
 {¶ 10} July 21, 2005, the trial court denied Marina's motion to file instanter the transcript
 {¶ 11} of the March 14, 2005 hearing. That same day, by a separate judgment entry, it denied William's motion to dismiss Marina's objections to the magistrate's decision; denied Marina's objections and request for rehearing; and adopted the magistrate's decision.
 {¶ 12} August 2, 2005, Marina moved for a new trial, which the trial court denied September 26, 2005. October 20, 2005, Marina timely noticed this appeal, making three assignments of error: *Page 5 
 {¶ 13} "[1.] It was error to conduct an uncontested divorce hearing when appellant was not given notice of said hearing as mandated by Civ.R. 75(L).
 {¶ 14} "[2.] The trial court erred when it failed to grant appellant's unopposed motion for a new trial which alleged that appellee had engaged in misconduct.
 {¶ 15} "[3.] The trial court erred when it denied appellant's motion to file transcript instanter and denied appellant's objections to the magistrate's decision without reviewing the transcript [.]"
 {¶ 16} By her first assignment of error, Marina argues that the magistrate erred in conducting the March 14, 2005 hearing, and that the trial court erred in relying on the decision emanating from that hearing, due to failure to comply with Civ.R. 75(L). That rule provides, relative to divorce, annulment, and legal separation proceedings:
 {¶ 17} "* * * In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."
 {¶ 18} As Marina notes, she was unrepresented by Ohio counsel at the time of the March 14, 2005 hearing; and, her Massachusetts counsel, if she did indeed have one, never made an appearance in this case. She had no counsel of record. And nothing in the record indicates that the magistrate's January 21, 2005 notice, setting hearing for March 14 of that year, was mailed to her. Marina maintains that this is a clear violation of Civ.R. 75(L), and reversible error.
 {¶ 19} We agree. The lead case on this issue is the Ninth Appellate District's decision in King v. King (1977), 55 Ohio App.2d 43. In that case, appellant husband *Page 6 
received notice of the hearing date in his wife's divorce action from her attorney, by letter. Id. at 43-44. He failed to appear; and the trial court entered judgment. Id. at 44. Husband appealed, arguing that the trial court erred in going ahead with trial in the divorce, since it had not noticed the trial date to him in compliance with Civ.R. 75(L).[3]
 {¶ 20} The Ninth District agreed, holding as follows:
 {¶ 21} "It is clear that this rule [75(L)] mandates that thecourt shall give the adverse party notice of the trial. Compliance with this rule is not achieved through the informal notice procedure that occurred in this case. The husband was not under any duty to appear in response to a notice from his wife's attorney. He did not lose his right to notice under Civ.R. 75(L). As a consequence, the trial court committed reversible error by entering a judgment without proper notice to the husband.
 {¶ 22} "The purpose of Civ.R. 75(G) and (L) was to prevent or reduce the number of divorces which are granted without the court hearing the merits from both sides. Additionally, it tends to prevent fraud by one party upon the other. The integrity of the system requires that the court send out the notices for trial upon the merits." King at 44-45. (Emphasis sic.)
 {¶ 23} In the instant case, Marina timely objected that she had no notice of the March 14, 2005 hearing. Nothing in the record indicates that the trial court sent her notice by regular mail service, as required by Civ.R. 75(L). The common pleas clerk of courts has a duty to make a record of all mesne process and orders issuing from that court, R.C. 2303.13; the clerk has a duty to maintain the books of that court and the record of its proceedings. R.C. 2303.14. We deem that in cases where the Civil Rules *Page 7 
require the court to send notice to a party, the clerk must make a record of the mailing, and enter that on the docket. There being no evidence that Marina received notice of the hearing as required by Civ.R. 75(L), the trial court committed reversible error by entering judgment against her. King at 44-45.
 {¶ 24} The first assignment of error has merit.
 {¶ 25} In view of our disposition of the first assignment of error, the second two are moot. A new hearing is required.
 {¶ 26} The judgment of the Geauga County Court of Common Pleas is reversed, and this matter is hereby remanded for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion,
DONALD R. FORD, J., Ret., Eleventh Appellate District, sitting by assignment, concurs.
[1] William did attach an unsigned letter to his motion, purportedly from Attorney Stephen H. Merlin, referencing the case Marina SusanaLillian Columbo Jensen v. William C. Jensen, No. 04D-1081-DV1, and stating, "[e]nclosed please find Plaintiff's Motion to Retain Jurisdiction in Massachusetts for docketing and filing in the above-referenced matter." The unsigned letter indicates that copies of the letter and attached pleading (that was neither signed by Attorney Merlin, nor time-stamped by a Massachusetts court) were sent to William, William's attorney, and Marina.
[2] According to Marina's "Objection to Magistrate's Decision," she asserts that she was in Argentina at the time of the final hearing, and thus, unable to attend. However, we note that there is no evidence in the record to support this claim.
[3] During the pendency of the case in King, Civ.R. 75(L) was redesignated Civ.R. 75(K). King at 44. The designation has reverted.