{¶ 27} The majority reverses the decision of the court below on the grounds that "nothing in the record indicates that the trial court sent her notice by regular mail, as required by Civ.R. 75(L)." Civ.R. 75(L) ("In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."). *Page 8 
 {¶ 28} Contrary to the majority's position, there is abundant evidence in the record that Marina Susana Lilian Jensen was served with notice of the March 14, 2005 final hearing.
 {¶ 29} On the Notice of Hearing recorded in the common pleas court's docket on January 21, 2005, in the lower left-hand corner of the page, are listed three names indicating persons to whom the Notice of Hearing is to be sent. These names are "Stephen Merlin, Esq." (Marina's Massachusetts attorney), "Marina Jensen," and John Salem, Esq." (William Jensen's attorney). Beside each name is a check mark, indicating that notice has been sent. This procedure for identifying the names of the parties for service of a particular document is customary in many courts of this state. This January 21, 2005 judgment entry demonstrates that the hearing notice had been sent by regular U.S. mail to Marina Jensen at her address of record.
 {¶ 30} Still, there is further evidence in the record that Marina Jensen was served with notice of the final hearing. In the transcript of the March 14, 2005 trial, filed with the common pleas court on October 20, 2005, the magistrate carefully reviewed the court's docket, reciting the case's history with particular attention paid to notice of hearings. When the magistrate comes to the final hearing, he states that "January 21, 2005 * * * is the time stamped notice of hearing * * * scheduling it for today, March 14, at 9:00" and indicates that "Mr. Merlin, the Defendant [Marina Jensen], and John Salem" were the recipients of this notice. The magistrate concludes: "It's almost 9:30. Defendant has not appeared. She has not contacted the Court to request a continuance. We will proceed without her." Thus, the magistrate duly confirmed that Marina Jensen had *Page 9 
been sent notice of the hearing prior to conducting the hearing. The magistrate's comments are part of the record in this case.
 {¶ 31} If any doubt remained as to whether notice was actually sent, the issue is confirmed by referencing the cost bill, which records a charge of $3.86 for "postage" to mail the January 21, 2005 notice.
 {¶ 32} Thus, this case is distinguishable from King v. King (1977),55 Ohio App.2d 43, relied upon by the majority. In King, in contrast to the present case, there was "nothing in the record to indicate that defendant was provided with notice." Hightower v. Hightower, 10th Dist. No. 02AP-37, 2002-Ohio-5488, at ¶ 18; King, 55 Ohio App.2d at 45. Here, the January 21, 2005 notice, the transcript of the March 14, 2005 trial, and the bill of costs all attest that Marina received notice.
 {¶ 33} Civil Rule 75(L) only requires that notice be sent to a party's last known address, it does not require the trial court to enter a separate docket entry attesting that notice is actually sent. Cf. Civ.R. 58(B), requiring the clerk of courts to "note the service [of judgment] in the appearance docket."[4] Once service has been indicated, there is a presumption of proper service by ordinary mail. Cf. Thompson v.Thompson (June 16, 1995), 11th Dist. No. 94-P-0068, 1995 Ohio App. LEXIS 2680, at *23-*24.
 {¶ 34} Additionally, Marina's first assignment of error should be rejected because she failed to properly raise this issue in her objections to the magistrate's decision. Civil *Page 10 
Rule 53 states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). The majority misleadingly states that Marina "argued: `the court's docket does not reflect whether the notices of the March 14, 2005 hearing was mailed to defendant.'" In fact, Marina merely stated this fact in her brief in support. The failure to properly serve notice is not raised as a specific objection to the magistrate's decision nor is it used to support any of the objections properly raised.[5] Since the issue of service was not raised as an objection to the magistrate's decision, Marina has waived the right to raise this argument on appeal. Civ.R. 53(D)(3)(b)(iv); see Tippie v. Patnik, 11th Dist. No. 2005-G-2665, 2006-Ohio-6532 at ¶ 44; Planin v. Planin, 11th Dist. No. 2005-G-2644, 2006-Ohio-2933, at ¶ 19.
 {¶ 35} Accordingly, Marina's second and third assignments of error are not moot. I would reject both assignments as the trial court acted within its discretion by denying Marina's motion for a new trial and motion to file transcript instanter, and by overruling Marina's objections to the magistrate's decision.
 {¶ 36} For these reasons, I respectfully dissent. The judgment of the Geauga *Page 11 
County Court of Common Pleas should be affirmed.
[4] The import of Civ.R. 75(L) is not service by ordinary mail, but service directly to the pro se litigant. The majority's decision would require all court notices to be recorded in the court's docket, otherwise service could be deemed invalid and due process violated. As noted above, courts routinely rely upon the informal method of indicating to the clerk of courts to whom a document should be sent, used by the lower court in the present case.
[5] Marina raised the following objections to the magistrate's decision: "A. The Magistrate erred by ordering defendant to pay spousal support to plaintiff in the amount of $42,000 over seven years as reimbursement for plaintiff's expenditures towards defendant's education because such expenditures have been discharged in bankruptcy. B. The Magistrate erred by not accounting for defendant's reimbursement to plaintiff for expenses paid by plaintiff to assist her in becoming a U.S. citizen and/or in pursuing her education. C. The Magistrate erred by not identifying all real property owned by plaintiff as a result of plaintiff's willful concealment of such property. D. The Magistrate erred by improperly relying upon defendant's erroneous and unsupported testimony as to defendant's alleged earnings as a first-year resident in psychiatry. E. The Magistrate erred by improperly relying upon defendant's erroneous and unsupported testimony that defendant would obtain employment at the Cleveland Clinic Foundation upon completion of her residency and earn $125,000.00 per year. F. The Magistrate erred by incorrectly determining that although plaintiff has a bachelor's degree in elementary education, he has never taught school. Plaintiff willfully concealed that he taught for at least five years in Florida." *Page 1