OPINION *Page 2 
{¶ 1} Defendant-appellant Paula Collins appeals from the December 12, 2007 Judgment Entry and the December 17, 2007 Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Paula Collins and appellee Bruce Collins were married on October 27, 1992. No children were born as issue of such marriage.
 {¶ 3} On October 5, 2007, appellee filed a complaint for divorce against appellant. The complaint listed appellant's address as 17833 Oakley Drive, PO Box 423, Nelsonville, Ohio 45764-0423. Appellant was personally served by a process server with a copy of the summons and complaint on October 17, 2007. A copy of the summons and complaint that was sent to appellant at the address listed on the complaint via certified mail came back "unclaimed."
 {¶ 4} Appellant did not file an answer. A Notice of Hearing was filed on November 20, 2007 setting an uncontested divorce hearing for December 12, 2007. The notice was mailed to appellant at 17833 Oakley Drive in Nelsonville via regular mail. No Post Office Box was listed on the notice. The record does not indicate a failure of service of the notice.
 {¶ 5} Thereafter, a Judgment Entry Decree of Divorce was filed on December 12, 2007. On December 13, 2007, appellant filed a "Motion for New Divorce Trial Civil Rule 59 and Motion for Leave to File Answer and Responsive Pleadings." Appellant, in her motion, stated, in relevant part, as follows: "Defendant Wife, Paula Collins, states that she was personally served with the Complaint at her work place and never received *Page 3 
any notice from the Post Office that certified mail had been sent to her in Nelsonville. Furthermore, she states that she never received a notice of the scheduled hearing that the docket records indicate was mailed to her on November 20, 2007. Attached hereto is a copy of the court's Notice showing that it was mailed to the street address rather than to the P.O. Box used by the Defendant Wife, Paula Collins." In an affidavit attached to her motion, appellant stated in part, as follows: "The parties in this case presently reside at the address shown for each party in the pleadings herein. Your affiant receives her mail at P.O. Box 423, Nelsonville, Ohio 45764 and has been receiving mail at that location since approximately August 1, 2007." Appellant, in her affidavit, also stated under oath that all of the statements in her motion were true.
 {¶ 6} As memorialized in an Entry filed on December 17, 2007, the trial court denied appellant's motion. The trial court, in its Entry, found that appellant had not contested service of the complaint and that, pursuant to Civ. R. 5(A), service was not required on parties in default.
 {¶ 7} On January 11, 2008, appellant filed a "Motion to Set Aside Divorce Decree Other Relief Pursuant to Civil Rule 59 Civil Rule 60(B)". Appellant, in her motion, alleged, in part, that she had not received notice of the final hearing as required by Civ. R. 75(L). Before the trial court could rule on the same, appellant, on January 11, 2008, filed a Notice of Appeal indicating that she was appealing from the trial court's December 12, 2007 Judgment Entry and the December 17, 2007 Entry.
 {¶ 8} Appellant now raises the following assignment of error on appeal: *Page 4 
 {¶ 9} "THE TRIAL COURT ABUSED ITS' [SIC] DISCRETION AND ERRED AS A MATTER OF LAW IN RULING THAT CIVIL RUKE [SIC] 5(A) DOES NOT REQUIRE THE COURT TO PROVIDE NOTICE TO A PRO SE PARTY OF A FINAL HEARING ON A DIVORCE COMPLAINT."
 I {¶ 10} Appellant, in her sole assignment of error, argues that the trial court erred in denying her December 13, 2007, "Motion for New Divorce Trial Civil Rule 59 and Motion for Leave to File Answer and Responsive Pleadings" because appellant had no notice of the trial date.
 {¶ 11} Civ. R. 75(L) provides, relative to divorce, annulment, and legal separation proceedings as follows: "* * * In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."[1] InKing v. King (1977), 55 Ohio App.2d 43, 379 N.E.2d 251, the Ninth District held that "It is clear that this rule [75(L)] mandates that thecourt shall give the adverse party notice of the trial." Id at 44. This notice requirement is designed to provide an unrepresented party with the opportunity to appear at the final hearing should he or she so choose. Somerset v. Somerset (Mar. 22, 1995), Montgomery App. No. 14419,1995 WL 127891.
 {¶ 12} Because appellant was unrepresented by counsel, the trial court was required to provide her with notice of the trial. From the record, it appears that the actual notice of the hearing date was mailed to appellant at 17833 Oakley Drive in Nelsonville *Page 5 
via regular mail. No Post Office Box was listed although a PO Box was listed on the complaint.
 {¶ 13} While the record does not indicate that the notice sent to appellant advising her of the trial date came back as undeliverable, we note that appellant, in her December 13, 2007, motion, indicated that she did not receive the trial court's notice. As is stated above, the notice was mailed to the street address rather than to the P.O. Box used by appellant to receive mail. Because it is unclear whether or not appellant received the notice, we find that the trial court should have held a hearing on such issue.
 {¶ 14} Appellant's sole assignment of error, therefore, is sustained.
 {¶ 15} Accordingly, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division is reversed and this matter is remanded to the trial court for further proceedings consistent with this Opinion.
By: Edwards, J. Hoffman, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division is reversed and remanded. Costs assessed to appellee.
[1] We note that Civ. R. 75(F) provides that the provisions of Civ. R. 55 (Default Judgments) do not apply to divorce actions. *Page 1